HIGGINS, Justice.
 

 The Fourth Jefferson Drainage District, a public corporation, organized and existing under the Constitution and laws of this State, domiciled in the Parish of Jefferson, engaged in draining the lands located in the District, instituted this suit in the Twenty-Fourth Judicial District Court in and for the Parish of Jefferson against the City of New Orleans, a municipal corporation, created by and operating under Act No. 159 of 1912, as amended, domiciled in the Parish of Orleans, to recover the sum of $226,680.52 damages for alleged existing and continuing trespasses and unlawful acts of the representatives of the City in forcefully seizing, appropriating,' and confiscating certain real property and real servitudes belonging to the plaintiff located in the Parish of Jefferson, and divesting it of the use and control thereof.
 

 
 *673
 
 The defendant filed an exception to the jurisdiction of the court ratione personae on the ground that under the express provisions of Article 162 of the Code of Practice it was entitled to be sued at its domicile in the Parish of Orleans and that it did not come under either of the exceptions to the above general rule, as provided in Paragraphs 8 and 9 of Article 165 of the Code of Practice, because it was a municipal corporation and the suit was to recover compensation for certain real rights and real property appropriated by defendant and was, therefore, not an action for damages for trespass on real estate or wrongdoing by the defendant’s employees and officials.
 

 The plaintiff contends that this is an action for damages for trespasses upon its real property and for the unlawful deprivation of its rights to real servitudes on certain lands in Jefferson Parish by the defendant’s agents and, therefore, the court a qua has jurisdiction under both paragraphs 8 and 9 of Article 165 of the Code of Practice.
 

 The district judge overruled the exceptions and the City of New Orleans applied to this Court, under its supervisory jurisdiction, for writs of certiorari and prohibition.
 

 We granted the writs and the matter is now before us for review.
 

 The pertinent parts of Article 165 of the Code of Practice, as amended by Act No. 282 of 1940, read:
 

 “Article 165. Exceptions to Rule of Domicile. There are other exceptions to this rule which require that the defendant be sued before the judge having jurisdiction over the place of domicile or residence they are here enumerated :
 

 * * * =k * *
 

 “8. Trespass on Real Estate. In actions, of trespass on real estate, and in all matters relating to real servitudes, whether natural or conventional, the judge of the place where the property is situated shall have cognizance of the cases.
 

 “9. Trespass. In all cases where any person, firm, or domestic or foreign corporation shall commit trespass, or do anything for which an action for damage lies or where any domestic or foreign corporation shall fail to do anything for which an action for damage lies, such person, firm or corporation may be sued in the parish where such damage is done or trespass committed or at the domicile of such person, firm or corporation.”
 

 In the case of Tripani v. Meraux, 184 La. 66, 165 So. 453, 456, the plaintiff, residing and domiciled in the City of New Orleans, instituted a suit there for damages alleged to have been sustained as a result of being bitten in the Parish of Orleans by a vicious dog owned by the defendant, who was domiciled in the Parish of St. Bernard. A plea to the jurisdiction of the court ratione personae was filed on the ground that the defendant must be sued at his domicile under Article 162 of the Code of Practice. The plaintiff countered by contending the case fell within the exception to the rule, as provided by Paragraph 9 of Article 165 of the Code 'df Practice. In sustaining the plea and an
 
 *675
 
 nulling the judgment of the Court of Appeal and reinstating and affirming the judgment of the district court dismissing the suit, this Court held that the defendant’s alleged tortious act was one of omission and not of commission and, therefore, the case was not governed by Paragraph 9 of Article 165 of the Code of Practice. The Court stated:
 

 “The word, ‘trespass’ as used in the ninth paragraph of article 165 of the Code •of Practice, is used in its broad sense of ■committing any wrongful act that injures ■another, and not in the technical sense of committing a trespass upon the property of another. State ex rel. Morgan’s La. & L.R. & S.S.Co. v. Judge, 33 La.Ann. 954, 955; Heirs of Gossin v. C. C. Williams et al., 36 La.Ann. 186, 187; St. Julien v. Morgan’s La. & T.R. & S.S.Co., 39 La.Ann. 1063, 1064, 3 So. 280; Caldwell v. Vicksburg, S. & P.R.Co., 40 La.Ann. 753, 754, 5 So. 17. In fact, the exception with regard to an action for damages for ‘trespass,’ in its technical sense, is provided for in the eighth' paragraph of article 165 of the Code of Practice. This suit was not brought — or claimed to be brought — under the eighth paragraph of article 165 of the Code of Practice.
 

 “As the provisions of article 165 of the Code of Practice are exceptions to the general rule, established by article 162, the provisions of article 165 must be construed strictly and as applicable only to cases which come plainly within those provisions. ' In the case of Montgomery v. Louisiana Levee Co., 30 La.Ann. 607, 608, and again in Castille v. Caffery Central Refinery & Railroad Co., 48 La.Ann. 322, 19 So. 332, 333, this court, referring to the ninth paragraph of article 165 of the Code of Practice, said:
 

 “ ‘It is a familiar rule that statutes in derogation of a common right must be construed strictly. The entire article 165 is an exception to the general rule established by article 162.’ ”
 

 Under the express provisions of Paragraph 8 of Article 165 of the Code of Practice, the judge of the place where the land is situated is granted jurisdiction “in all matters relating to real servitudes, whether natural or conventional” and “in actions of trespass on real estate”. The basis for this jurisdiction is the situs of the real estate or the real servitude. It will be observed that under this paragraph, no distinction whatsoever is made between persons, firms, or corporations that might be the party defendant in the case. All such parties are treated alike. So, in the instant case, it is immaterial that the defendant is a municipal corporation if the petition of the plaintiff sets forth an action for damages for trespass on real estate or an action relating to servitudes upon real property located within the Parish of Jefferson, the jurisdiction of the Twenty-Fourth Judicial District Court.
 

 From the petition and other records referred to by the parties, it appears that the City of New Orleans, at private sale and in expropriation proceedings, acquired certain lands situated in the Parish of Jefferson and located within the boundaries of the Fourth Jefferson Drainage District; that in this same area the Drain
 
 *677
 
 age District had previously acquired certain real property and real servitudes consisting of channels and public drainage canals and a servitude on each side thereof of one hundred feet in width, as shown by the public registration records; that the City of New Orleans in taking possession of the lands it acquired consisting of about one-third of the area in the Drainage District, ousted, evicted and ejected plaintiff’s representatives from possession of its real property and real servitudes; that it forcefully seized, condemned, appropriated, confiscated, and forfeited unto itself the subdrainage canals Nos. 15, 18 and 19 and the previously acquired and recorded rights-of-ways and servitudes belonging to the plaintiff; that through the unlawful and ultra vires acts of the defendant, it has committed trespasses, existing and continuing, upon plaintiff’s real property and real servitudes; that in consequence of the trespasses and illegal deprivation of its. real rights and servitudes by the defendant, the plaintiff sustained damages to the channels, canals, and servitudes amounting to $32,680.52, damages to the extent of $119,000 for impairment of its outstanding negotiable first lien and privilege bonds in Subdrainage District No. 1, and $75,000 damages for the impairment of its outstanding negotiable first lien and privilege bonds in Subdrainage District No. 3; and that all of these illegal and ultra vires acts were committed by the defendant resulting in the aforesaid damages to plaintiff, without the defendant attempting to acquire or acquiring plaintiff’s real property or real rights in any manner whatsoever, or paying any compensation therefor.
 

 The learned City Attorney contends that it appears from the record that this is a suit to recover compensation from the defendant for appropriating certain real property and real servitudes claimed by the plaintiff and that as the City was lawfully acting under the provisions of Act No. 222 of 1936, and Act No. 419 of 1938, and Resolution No. 183 of the Commission Council of the City of New Orleans adopted October 30, 1941, whereby the City was empowered and authorized to acquire in the adjoining parish lands upon which to establish an airport or landing field in connection with the National Defense Project, in co-operation with the Administrator of Civil Aeronautics of the United States Department of Commerce, the defendant’s employees and representatives cannot be said to have trespassed upon the plaintiff’s real estate or unlawfully deprived the plaintiff of its alleged real servitudes.
 

 The basis of the plaintiff’s cause of action is the alleged trespass by the defendant upon its real estate and its real servitudes through the alleged ultra vires and unlawful acts of the defendant in forcefully seizing and divesting the plaintiff of its real property and causing the damages alleged to have been sustained. The case cannot be viewed, under the allegations and prayer of plaintiff’s petition, as one for compensation for a lawful appropriation of plaintiff’s real property.
 

 In the case of Brown et al. v. Louisiana and N.W. Railroad Co., 118 La. 87, 42 So. 656, the plaintiff sued the defendant railroad in Natchitoches Parish for dam
 
 *679
 
 ages to its crops and land as a result of defendant’s agents closing and obstructing a drain amounting to a trespass. He also prayed that the obstruction be ordered removed. The defendant filed exceptions to the jurisdiction of the court on the ground that it was domiciled in Claiborne Parish and under Article 162 of the Code of Practice it had to be sued there. In upholding the judgment of the Court of Appeal affirming the judgment of the district court overruling the exceptions, the Court cited Paragraph 9 of Article 165 of the Code of Practice and then said:
 

 “Moreover, it was a matter of real servitude. It was substantially alleged that defendant’s act was an interference with the servitude of the drain on plaintiffs’ land.
 

 “In all matters relating to real servitude the judge of the place where the property is situated shall have cognizance of the case. Code of Practice, art. 165, par. 8.”
 

 As this case is controlled by the provisions of Paragraph 8 of Article 165 of the Code of Practice, it is not necessary for us to determine whether Paragraph 9 of that Article is applicable here. '
 

 It is our opinion that the exception is not well founded and that our learned brother below properly overruled it.
 

 For the reasons assigned, the judgment of the district court is affirmed; relator to pay the costs of this Court and all other costs to await the final determination of the litigation.
 

 O’NIELL, C. J., dissents.