SIMON, Justice.
The Geisenheimer Realty Company seeks an injunction against the Board of Commissioners for the Pontchartrain Levee District to restrain and prevent it, and those acting under its authority, from interfering with the Company’s enjoj'ment of its bat-ture lands fronting on the Mississippi River and for damages resulting from its forced eviction therefrom under a purported appropriation for levee purposes.
It appears that certain resolutions were adopted by the Board appropriating plaintiff’s property for the singular purpose of furnishing the United States Army Corps of Engineers with sites for excavating earth to be used in repairing a portion of the levee along the Seventeenth Street Canal which empties into Lake Pontchartrain.
This suit was filed in Jefferson Parish, the situs of the subject property, and plaintiff obtained a temporary restraining order enjoining the defendant from removing its batture soil and a rule to show cause why a preliminary injunction should not be issued. In response thereto defendant Board interposed a plea to the jurisdiction of the court ratione personae, exceptions of no cause and no right of action and its answer. The plea and exceptions were sustained by the lower court and plaintiff’s suit was dismissed. It is from that dismissal that the present appeal is prosecuted.
The plea to the jurisdiction of the court ratione personae is grounded under the express provisions of Article 162 of the Code of Practice in that its legal domicile being in the Parish of St. James (LSA-R.S. 38:-1311 et seq.), it is entitled to be sued before the judge having jurisdiction over its domicile and that neither of the exceptions to the above general rule, as provided in Paragraphs 8 and 9 of Article 165 of the Code of Practice, are apposite.
Defendant’s exception to the jurisdiction of the District Court of Jefferson Parish is starkly untenable. The situs of plaintiff’s batture property is concededly within the Parish of Jefferson. Under the provisions of Article 165 of the Code of Practice, certain exceptions to the general domiciliary rule established by Article 162 are provided for, among which is Paragraph 8, in pertinent part providing:
“Exceptions to Rule of Domicil: There are other exceptions to this rule which requires that the defendant be sued before the judge having jurisdiction over the place of domicil or place of residence; they are here enumerated :
í¡í >}í # ‡ ?{C
“8. Trespass on Real Estate. In actions of trespass on real estate, and in all matters relating to real servitude, be they natural or conventional, the judge of the place where the property is situated shall have cognizance of the cases.”
'Palpably, the instant suit constitutes an “action in trespass,” a “trespass” used in its generic and comprehensive sense of committing an act which is wrongful, and in itself productive of injury. It is not used in the technical sense of committing a trespass upon the property of another.
The instant suit also partakes of the nature of an action “relating to real servi- *125 tudes/’ which also brings it squarely within the quoted exception. The propelling cause of this controversy is the adoption of certain resolutions by the defendant Board purporting to appropriate, take and exercise servitudes and rights of entry over certain portions of batture lands belonging to plaintiff for the construction and repairing of levees along the Seventeenth Street Canal, coupled with a purported assignment and conveyance of its title, interest or right flowing therefrom to the United States Corps of Engineers, without the consent of plaintiff, and without the payment of just compensation. It also appears that in the exercise of this purported servitude, the defendant Board, as alleged, has forcibly evicted plaintiff’s agents and contractors from the subject lands, hence its claim for damages.
We are unalterably convinced that the instant suit is in conformity with the exception to the general rule of domicile and that the lower court committed error in sustaining the plea to its jurisdiction ratione personae. The basis of its jurisdiction is the situs of the real property upon which the alleged trespass was committed and the servitude sought to be exercised. In the recent case of Fourth Jefferson Drainage District v. City of New Orleans, 203 La. 670, 676, 14 So.2d 482, 484, we said:
“Under the express provisions of Paragraph 8 of Article 165 of the Code of Practice, the judge of the place where the land is situated is granted jurisdiction ‘in all matters relating to real servitudes, whether natural or conventional’ and ‘in actions of trespass on real estate’. The basis for this jurisdiction is the situs of the real estate or the real servitude. It will be observed that under this paragraph, no distinction whatsoever is made between persons, firms, or corporations that might be the party defendant in the case. All such parties a/re treated alike. So, in the instant case, it is immaterial that the defendant is a municipal corporation if the petition of the plaintiff sets forth an action for damages for trespass on real estate or an action relating to servitudes upon real property located within the Parish of Jefferson, the jurisdiction of the Twenty-Fourth Judicial District Court.” (Italics ours.)
The exception of no right or cause of action is equally untenable. It is a fundamental tenet of our law of procedure that in disposing of this exception all of the well-pleaded facts in a petition must be accepted as true. The exception relied on is founded on the premise that because of the situation of the subject land, classified as batture, bordering on a navigable river, they are burdened with a public servitude for the making and repairing of levees, as prescribed in Article 665 of the LSA-Civil Code.
In its petition the plaintiff vigorously contests the legality of the attempted appropriation and its eviction from its lands as being violative of the due process clause of our State and Federal Constitutions,[1] and our codal and statutory laws.[2] It affirmatively alleges that the public servitude granted by law does not embrace nor can it legally affect its lands, and that the servitude, if any exists can only be exercised upon batture lands for the construction and repair of levees along a navigable river. It further alleges that the exercise of a right of public servitude upon battures finds no authority in law when exercised for the construction and repairing of a levee along a local canal bearing no physical relationship to a navigable river, even though connected with a navigable lake.
Whether there existed or presently exists a public servitude on the plaintiff’s batture lands in favor of the defendant Board to *126 serve the purposes designed resolves itself purely into a question of fact and law and which is only determinable by a trial on the merits and not on the exceptions pleaded herein.
The judgment appealed from is therefore reversed; the exceptions to the jurisdiction ratione personae and of no cause or right of action are overruled and the case is remanded for further proceedings in accordance with law and consistent with the views herein expressed.

. LSA-Const., Art. 1, See. 2; 5th Amendment and 14th Amendment of Section 1 of the Federal Constitution.

. Arts. 2626-2641; LSA-R.S. 19:1-19:13.