ELLIS, Judge.
This is an appeal by the plaintiff from a judgment maintaining an exception of no cause of action filed by the defendant, McCauley, and an exception to the jurisdiction ratione personae filed by the nonresident defendant, Fakouri. The exceptions were referred to the merits and after trial maintained, and the plaintiff’s suit dismissed.
On the Exceptions
This is a suit for a money judgment wherein plaintiff alleges that both defendants are solidarily liable for committing a trespass on a tract of land allegedly leased by him from the defendant, Fakouri, reentering the allegedly leased premises, taking physical possession thereof and dis-possessing the plaintiff in violation and breach of the alleged verbal lease agreement between Fakouri and plaintiff, and for failing to pay plaintiff for certain labor performed in improving the premises. The property in question is in Evangeline Parish where this suit was brought, and paragraph 3 of plaintiff’s petition charges Fakouri as well as McCauley with trespass on the premises.
The lower court maintained an exception of no cause of action filed by the defendant, McCauley, upon the basis that there was no evidence to sustain the contentions that McCauley caused, assisted or encouraged Fakouri to break the verbal lease.
The clear language of the petition charges both defendants with the commission of a trespass and dispossession and expresses a cause of action against both defendants. The proof of the trespass and dispossession is another question to be answered upon the merits. The exception of no cause of action is overruled.
“When the defendants are joint or solidary obligors, they may be cited at the domicil of any one of them.”
Article 165(8), Louisiana Code of Practice provides:
“In actions of trespass on real estate, and in all matters relating to real servitudes, be they natural or conventional, the judge of the place where the property is situated shall have cognizance of the cases.”
This being an action for trespass on real estate the jurisdiction is the situs of the real estate. Article 165(6), Louisiana Code of Practice reads:
Article 165(9) of the Louisiana Code of Practice reads:
“In all cases where any person, firm or domestic or foreign corporation shall commit trespass, or do anything for which an action for damage lies or where any domestic or foreign cor *466 poration shall fail to do anything for which an action for damages lies, such person, firm or corporation may be sued in the parish where such damage is done or trespass committed or at the domicil of such person, firm or corporation.”
In interpreting this Code of Practice Article, the case of Fourth Jefferson Drainage District v. City of New Orleans, 203 La. 670, 14 So.2d 482, our Supreme Court held, citing authorities, that in an action for trespass on real estate the jurisdiction is the situs of the real estate itself. This case went on to explain that the word “trespass” as used in Article 165, Code of Practice, is used in its broad sense of committing any act that injures another and not in its technical sense of committing a trespass on the property of another.
Article 3 of the plaintiff’s petition, as aforesaid, charges Fakouri as well as Mc-Cauley with a trespass and further states that both defendants took physical possession of the premises and dispossessed plaintiff. Under the authority of Article 165 of the Code of Practice 'the lower court of Evangeline Parish clearly had jurisdiction of the defendant, Fakouri.
Also see DuBell v. Union Central Life Insurance Co., 211 La. 167, 29 So.2d 709, at page 711.
The exception to the jurisdiction ratione personae is overruled. In fairness to the trial judge, counsel for the plaintiff admitted that the sole basis for jurisdiction over Fakouri urged in the trial court was that he was a solitary debtor or a joint tort feasor, whereas upon appeal it was called to our attention that we had jurisdiction because this was a trespass upon real estate where jurisdiction is vested at the situs of the property.