377 So.2d 285 (1979)
HAWTHORNE OIL AND GAS CORPORATION et al.
v.
CONTINENTAL OIL COMPANY.
No. 64429.
Supreme Court of Louisiana.
November 1, 1979.
Rehearing Denied December 13, 1979.
*286 Lawrence E. Donohoe, Jr., Herman E. Garner, Lafayette, for defendant-applicant.
Taylor Caffery, New Orleans, for plaintiff-respondent.
MARCUS, Justice.
Plaintiffs, owners of certain mineral leases on land located in Vermilion Parish, instituted this action in Vermilion Parish against defendant, an operator of a natural gas pipeline system, for an accounting of money due under and rescission or reformation of a gas purchase contract between the parties.
Defendant filed a declinatory exception of improper venue, contending the action should have been brought in Calcasieu Parish where defendant's principal business establishment is located, as designated in its application to do business in this state. The trial judge sustained defendant's exception and dismissed plaintiffs' suit. The court of appeal reversed,[1] finding that although the purchase of gas, a movable right, was the primary object of the contract, plaintiffs also sought rescission of the agreement itself which involved cancellation of certain ancillary objects that affected immovable rights; hence, the action must be brought in Vermilion Parish. On defendant's application, we granted certiorari to review the correctness of this ruling.[2]
Venue means the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject. La.Code Civ.P. art. 41. Article 42 of the Code of Civil Procedure *287 enunciates the general rule of venue that a person must be sued at his domicile. Article 42 provides in pertinent part:
The general rules of venue are that an action against:
. . . . .
(4) A foreign corporation licensed to do business in this state shall be brought in the parish where its principal business establishment in the state is located, as designated in its application to do business in the state; ....
The general rules of venue provided in art. 42 are subject to exceptions provided in arts. 71 through 83 and otherwise provided by law. Id. art. 43. However, since the exceptions are in derogation of a common right, this court has consistently held that they must be strictly construed and that the party claiming the benefit of an exception must bring itself clearly within the exception. Glover v. Mayer, 209 La. 599, 25 So.2d 242 (1946); Fourth Jefferson Drainage Dist. v. New Orleans, 203 La. 670, 14 So.2d 482 (1943); Tripani v. Meraux, 184 La. 66, 165 So. 453 (1936); King v. Wm. J. Burns Int'l Detective Agency, Inc., 151 La. 211, 91 So. 681 (1922); Smythe v. Home Life & Acc. Ins. Co., 134 La. 368, 64 So. 142 (1914).
According to the stipulation of counsel filed for the purpose of the trial of the exception of improper venue, defendant is a foreign corporation licensed to do business in this state and has its principal business establishment in the state in Calcasieu Parish. The instant action, however, was brought in Vermilion Parish. Therefore, unless plaintiffs show that their action comes clearly within one or more of the exceptions provided in La.Code Civ.P. arts. 71 through 83, or otherwise provided by law, the exception of improper venue must be maintained.
Plaintiffs contend the instant action falls within art. 80, which provides in pertinent part:
The following actions shall be brought in the parish where the immovable property is situated:
(1) An action to assert an interest in immovable property, or a right in, to, or against immovable property ....
Plaintiffs rely on the fact that the gas purchase contract provides (1) that the plaintiffs grant to defendant, insofar as the plaintiffs have the right to do so, easements and rights-of-way over plaintiffs' leaseholds for the purpose of constructing, maintaining and operating pipelines and other equipment necessary for carrying out the terms of the contract and (2) that any transfer of leaseholds by plaintiffs shall be made subject to this contract with defendant. Plaintiffs argue that these provisions are evidence the contract has objects that create various rights affecting immovable property; therefore, an action to rescind or to reform that contract asserts an interest in immovable property, or a right in, to, or against immovable property and should be brought in the parish where the immovable is located (Vermilion Parish). We do not agree.
The gas purchase contract involved in this litigation has a single object; the sale of natural gas by plaintiffs to defendant. Because delivery takes place after the gas leaves the wellhead, the sale is one of a movable. La. Civil Code art. 471; Zadeck v. Arkansas Louisiana Gas Co., 338 So.2d 303 (La.App.2d Cir. 1976). The provisions of the contract allowing defendant easements and rights-of-way for the purpose of carrying out the terms of the contract and requiring any transfer of plaintiffs' leaseholds to be made subject to the contract are incidental, nonessential stipulations. See La. Civil Code art. 1764. Moreover, the petition and prayer simply do not request any relief for or adjudication of immovable rights. The prayer asks that the gas purchase contract be rescinded or reformed, that an accounting be rendered and that monetary damages be awarded plaintiffs. Therefore, the rescission or reformation of the contract would have at most only an incidental effect on immovable property. See Louisiana Oil Refining Corp. v. Gandy, 168 La. 37, 121 So. 183 (1929), cert. denied, 280 U.S. 516, 50 S.Ct. 65, 74 L.Ed. 587 (1929).
*288 In sum, plaintiffs have not successfully carried their burden of showing an exception to the general rule that a defendant should be sued at his domicile. Therefore, defendant's exception of improper venue must be maintained.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed; the judgment of the district court in favor of defendant, Continental Oil Company, and against plaintiffs, maintaining the exception of improper venue filed by defendant and dismissing plaintiffs' action at their costs, is reinstated and made a judgment of this court.
SUMMERS, C. J., dissents for the reasons assigned by DIXON, J.
DIXON, J., dissents with reasons.
DIXON, Justice (dissenting).
I respectfully dissent.
This case involves an agreement in which the plaintiffs, Hawthorne Oil and Gas Corporation and others, contracted to sell the gas produced on land on which they had mineral leases to the defendant, Continental Oil Company. Plaintiffs' suit to terminate the contract was brought in Vermilion Parish, where the land was located. The defendant raised an objection of improper venue, which was sustained by the district court. The Court of Appeal reversed the district court's ruling (368 So.2d 726 (La. App.3d Cir. 1979)), and writs were granted.
C.C.P. 80 provides in part:
"The following actions shall be brought in the parish where the immovable property is situated:
(1) An action to assert an interest in immovable property, or a right in, to, or against immovable property, except as otherwise provided ..."
The issue presented in the instant case is whether venue is proper under that provision or under the general rules of venue set out in C.C.P. 42, which would place this action in Calcasieu Parish, where the defendant has its principal place of business.
In resolving that issue, the Court of Appeal noted the decision of the Second Circuit in Zadeck v. Arkansas Louisiana Gas Co., 338 So.2d 303 (La.App.2d Cir. 1976), which was to the effect that a gas purchase contract is not subject to an action in lesion beyond moiety. Such a contract does not involve the sale of immovables because gas severed from the ground is movable. The Court of Appeal went on to hold, however, that the agreement in question was broader than a mere contract to sell severed gas, and in fact granted to the defendant rights attaching to immovable property. It further held that the plaintiffs' action to terminate the contract was an assertion of rights whose objects were immovable, and that therefore proper venue was in Vermilion Parish. I agree.
The plaintiffs granted to the defendant, "insofar as Seller has the right to do so, easements and rights-of-way" across the land subject to Seller's leases for pipeline purposes to carry out the contract. Under the mineral code a lessee may assign his interest in whole or in part. R.S. 31:127. In the instant case, the rights assigned must be classified as immovable, since they apply directly to the land.[1]
In addition, the contract provided that the plaintiffs could not transfer their interest in the lease unless the transfer was made subject to the agreement.[2] That provision *289 granted to the defendant an immovable right, since it applies to the plaintiffs' lease, which under the mineral code is itself an immovable. R.S. 31:18. In seeking to recover the rights given to the defendant to go on the land, and to remove the restriction on the transfer of the lease, the plaintiffs assert interests in immovable property, and therefore venue was proper at the site of the immovables.
The judgment of the Court of Appeal should be affirmed.
NOTES
[1] 368 So.2d 726 (La.App.3d Cir. 1979).
[2] 370 So.2d 576 (La.1979).
[1] C.C. 470 provides:

"Rights and actions that apply to immovable things are incorporeal immovables. Immovables of this kind are such as personal servitudes established on immovables, predial servitudes, mineral rights, and petitory or possessory actions."
[2] "ARTICLE XIII Assignability

1. The contract shall be binding upon and inure to the benefit of the heirs, legal representatives, successors and assigns of the respective parties hereto and shall constitute a real covenant running with the leaseholds and/or lands covered hereby provided that no sale or transfer of Seller's leaseholds and/or lands covered hereby shall be made unless the conveyance provides that such sale or transfer is made subject to this contract and that the transferee agrees to be bound hereunder."