499 So.2d 202 (1986)
RELIANCE TRUST, et al., Plaintiffs-Appellants,
v.
TEXAS GAS TRANSMISSION CORPORATION, et al., Defendants-Appellees.
No. 18124-CA.
Court of Appeal of Louisiana, Second Circuit.
October 29, 1986.
*203 Theus, Grisham, Davis & Leigh by J. Michael Hart, Monroe, for plaintiffs-appellants.
Jones, Walker, Waechter, Pointevent, Carrere & Denegre by Roy C. Cheatwood, Edward B. Poitevent, II, Nancy Scott Degan, New Orleans, for defendants-appellees.
Before FRED W. JONES, Jr., NORRIS and LINDSAY, JJ.
LINDSAY, Judge.
The plaintiffs, owners and assignees in interest of oil, gas and mineral leases in Union Parish, sued Texas Gas Transmission Corporation and West Monroe Gas Gathering Company for failure to pay for gas delivered to the defendants under the terms of gas purchase contracts. The plaintiffs also alleged that by failing to pay for the gas taken, the defendants committed the tort of conversion. Plaintiffs filed suit against both defendants in Union Parish. Texas Gas, a Delaware Corporation licensed to do business in Louisiana, has listed its principal business establishment in Orleans Parish. Texas Gas filed an exception of improper venue claiming that venue was proper in Orleans Parish under LSA-C.C.P. Art. 42. Defendant's exception was sustained by the trial court. The plaintiffs have appealed arguing they fall under several exceptions to the general venue article of LSA-C.C.P. Art. 42 and therefore venue was proper in Union Parish. *204 For the following reasons we affirm the trial court judgment.

FACTS
The plaintiffs are the owners and assignees in interest of oil, gas and mineral leases in Union Parish on which are located several wells producing natural gas. The plaintiffs entered into contractual agreements to deliver gas to West Monroe Gas for delivery to a pipeline operated by Texas Gas. Plaintiffs alleged that under the terms of the contract, Texas Gas was to pay a fixed price for the gas, but that in November, 1985 Texas Gas informed plaintiff that the price would be reduced and in January, 1986 Texas Gas informed plaintiffs that no payments would be made for gas taken during December, 1985.
Texas Gas asserted that under the terms of the contract, it had the right to take delivery of gas and pay for it on the twentieth day of the month following receipt of the gas or it could refuse to take delivery of the amount of gas specified in the contract, but pay for the quantity of gas not taken. Payment for the gas not taken is due on the sixtieth day of the contract year following the year in which gas was not taken. Texas Gas claims that due to economic conditions, a decision was made to decline receipt of gas under the terms of the contract and that plaintiffs were informed and asked not to deliver gas to the pipeline. Texas Gas claims that although plaintiffs were advised not to do so, they continued to deliver gas which was taken into the pipeline.
Texas Gas filed an exception of improper venue citing LSA-C.C.P. Art. 42(4) which provides that:
The general rules of venue are that an action against: ...
(4) A foreign corporation licensed to do business in this state shall be brought in the parish where its principal business establishment in the state is located, as designated in its application to do business in the state;....
Texas Gas included a copy of its license to do business in this state specifying that its principal business establishment and registered office is in Orleans Parish. Therefore Texas Gas argued that as a foreign corporation licensed to do business in Louisiana, venue was proper in Orleans Parish rather than in Union Parish. This exception was sustained by the trial court.
Plaintiffs applied for rehearing claiming that several exceptions to the general venue requirement of LSA-C.C.P. Art. 42(4) made the venue proper in Union Parish. Rehearing was denied by the trial court and the plaintiffs appealed.
Generally, suit must be filed in the parish in which the defendant is domiciled. However, there are several exceptions to this rule and LSA-C.C.P. Art. 43 provides:
The general rules of venue provided in Article 42 are subject to the exceptions provided in Articles 71 through 85 and otherwise provided by law.
Plaintiff claims that several of these exceptions make venue proper in Union Parish.

VENUE EXCEPTION FOR OFFENSES OR QUASI-OFFENSES
Plaintiffs allege that venue is proper in Union Parish under LSA-C.C.P. Art. 74 which provides:
An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained. An action to enjoin the commission of an offense or quasi offense may be brought in the parish where the wrongful conduct occurred or may occur.
As used herein, the words "offense or quasi offense" include a nuisance and a violation of Article 667 of the Civil Code.
In its petition, plaintiffs allege that by taking gas without paying for it, Texas Gas has committed the tort of conversion which is defined as a distinct act of dominion wrongfully exerted over another's property in denial of or inconsistent with the owner's rights therein. Guidry v. Rubin, *205 425 So.2d 366 (La.App. 3rd Cir.1982); Miller v. Harvey, 408 So.2d 946 (La.App. 2d Cir.1981); Haymon v. Holliday, 405 So.2d 1304 (La.App. 3rd Cir.1981); Holland v. First National Bank of Crowley, 398 So.2d 186 (La.App. 3rd Cir.1981); Madden v. Madden, 353 So.2d 1079 (La.App. 2d Cir.1977); Martinez v. Therma-King Sales & Service Division, 346 So.2d 798 (La.App. 1st Cir.1977), writ denied 349 So.2d 884 (La.1977).
Conversion is a common law concept the most basic element of which is ownership or right to possession of the property at the time of conversion. In this case, the plaintiffs and Texas Gas had a contract for the sale of gas. LSA-C.C. Art. 2456 provides:
The sale is considered to be perfect between the parties, and the property is of right acquired to the purchaser with regard to the seller, as soon as there exists an agreement for the object and for the price thereof, although the object has not yet been delivered, nor the price paid.
The contract in this case was labeled "Gas Purchase Contract" and sets forth the terms of sale of a specific quantity of gas each month for a determinable price.
Therefore, because the parties had an agreement as to the amount of gas to be sold and the price to be paid, Texas Gas became the owner of that amount of gas, at least upon delivery, even though the price had not been paid. The delivery by plaintiffs of gas to Texas Gas was specifically intended to allow Texas Gas to become the owner thereof. Texas Gas was not assuming dominion and control over property of the plaintiffs, but of property which belonged to Texas Gas. The alleged breach of contract involves the failure of Texas Gas to pay for what was intentionally delivered to it as owner by plaintiffs. The alleged breach of contract does not lie in a wrongful assertion of dominion by defendant over plaintiff's property, but in a failure to pay for property which was sold.
It may be argued that the parties had a contract to sell as defined by LSA-C.C. Art. 2462. However, even if this were a contract to sell, we do not find that the actions of Texas Gas provide plaintiffs with the right to recover tort damages. The jurisprudence has held that a cause of action may be based upon both contract and tort theories of recovery. Albritton v. McDonald, 363 So.2d 925 (La.App. 2d Cir. 1978) writ denied 366 So.2d 561 (La.1979). Most of the jurisprudence recognizing this hybrid action founded on both tort and contract principles deals with redhibition and/or products liability. Albritton v. McDonald, supra; Broussard v. Liberty Mutual Insurance Co., 210 So.2d 411 (La.App. 3rd Cir.1968); Thibodeaux v. Hood Enterprises, Inc., 415 So.2d 530 (La.App. 1st Cir.1982); Reeves v. Dixie Brick, Inc., 403 So.2d 792 (La.App. 2d Cir.1981).
This court considered the question of when a breach of contract will also give rise to tort damages. In Hennessy v. South Central Bell Telephone Company, 382 So.2d 1044 (La.App. 2d Cir.1980), this court adopted a view that LSA-C.C.P. Art. 74 venue is impliedly restricted to tort actions involving active negligence. See also comment at 25 Loyola Law Rev. 367 (1979). We went on to find that when a party neglects to do what he is obligated to do under a contract he has committed a passive breach of the contract, and where he negligently performs a contractual obligation this may be considered as active negligence and an active breach of the contract. In Hennessy, the court found that an omission by the defendant to include plaintiff's name in a listing in the Yellow Pages of the telephone book as required by the contract between the parties was passive negligence and any relief due the plaintiff must be made under the terms of the contract and not pursuant to a tort action. Therefore, venue under LSA-C. C.P. Art. 74 was not proper.
The present case does not involve products liability or redhibition. Further, the defendant did not negligently fail to perform *206 as did the defendant in Hennessy. The defendant in this case did not pay for gas under the terms of the contract between the parties. This was a passive act by the defendant and not any form of negligence or active breach that would serve as the basis for an award of tort damages. As pointed out by the trial court, the plaintiffs continued to deliver gas of their own volition after being notified of the intent of Texas Gas to refuse the gas or reduce payment. Plaintiffs could cease gas delivery at any time. Under the circumstances of this case plaintiffs' sole remedy against the defendant must be sought under the terms of the contract.
The exceptions to the general venue requirement are in derogation of a common right and are to be strictly construed. The party making such a claim must clearly bring itself within the terms of the exception. Hawthorne Oil & Gas v. Continental Oil Company, 377 So.2d 285 (La.1979). In the present case, plaintiffs' cause of action is based on the contract with Texas Gas. We do not find that plaintiffs have clearly shown that their cause of action is of such a hybrid nature as to afford utilization of the special tort venue provided in LSA-C.C.P. Art. 74. We also note that although plaintiffs allege a tort theory of recovery in the body of their petition, they make no prayer for tort damages.
Plaintiffs have failed to clearly show that the tort exception under LSA-C.C.P. Art. 74 applies to the facts of this case.

VENUE EXCEPTION FOR BUSINESS ESTABLISHMENTS
Plaintiffs argue that venue was proper in Union Parish under LSA-C.C.P. Art. 77 which provides:
An action against a person having a business office or establishment in a parish other than that where he may be sued under Article 42, on a matter over which this office or establishment had supervision, may be brought in the parish where this office or establishment is located.
Plaintiffs urge that Texas Gas maintains personnel and pipeline facilities in Union Parish and that these facilities constitute a business establishment within the terms of the article. As stated above, exceptions to the general venue provisions are to be strictly construed and are applicable only to cases which come plainly within the exceptions. In the present case, the plaintiffs have not clearly shown that LSA-C.C.P. Art. 77 provides for venue in Union Parish.
From the record, it appears that Texas Gas only maintains pipeline facilities and an operations depot in Union Parish necessary to physically gather and transport natural gas. Plaintiff's have failed to show the exact nature of defendant's activities in Union Parish in receiving the gas. In brief, defendant argues that its only "business establishment" supervising the actual operations here involved is located out of state. There is no showing that Texas Gas has an establishment in Union Parish that carries out the business related tasks or supervisory tasks of the company. The facts of this case are analogous to Cormier v. Campbell Construction Co., 258 So.2d 703 (La.App. 3rd Cir.1972). In that case, plaintiffs sued the defendant, a Caddo Parish domiciliary, in Calcasieu Parish for failure to construct a chain link fence around an excavation as required by the contract between the parties. Plaintiff claimed that because defendant maintained a trailer at the excavation site in Calcasieu Parish in which the job superintendent resided and used as an office, this was a business office or establishment sufficient to establish venue under LSA-C.C.P. Art. 77. The court found this facility was not an established office and did not constitute a business office or establishment.
Likewise, in the present case we find a pipeline facility does not constitute a business establishment within the meaning of LSA-C.C.P. Art. 77. Therefore, plaintiffs could not claim venue in Union Parish under this article.

*207 VENUE EXCEPTION FOR IMMOVABLE PROPERTY
The plaintiffs further contend that venue is proper in Union Parish under LSA-C.C.P. Art. 80 which provides:
A. The following actions may be brought in the parish where the immovable property is situated or in the parish where the defendant in the action is domiciled:
(1) An action to assert an interest in immovable property, or a right in, to, or against immovable property, except as otherwise provided in Article 72;....
Plaintiffs argue that failure of Texas Gas to accept gas will lead to damage of the wells, and for that reason, their claim concerns an interest or a right in, to, or against immovable property in Union Parish. This claim regarding well damage is based on a vague reference in plaintiffs' petition. No showing has been made as to how the wells might be damaged. The facts of this case are analogous to those of Hawthorne Oil & Gas v. Continental Oil Co., supra, in which plaintiffs sued for an accounting under an oil and gas purchase contract or to rescind the contract. The contract between the parties also included an agreement concerning rights-of-way and easements. The plaintiffs contended that because the cause of action concerned a right in, to, or against immovable property, venue was proper in the parish where the property was located. The court discounted this reasoning saying that the action concerned a purchase of oil and gas under a purchase contract. Because delivery took place after the gas left the wellhead, the gas was a movable, and therefore the action did not relate to immovables. The court went on to reason that easements were incidental nonessential stipulations and that the plaintiffs in that case had not asserted a right in, to, or against immovable property sufficient to provide venue under LSA-C.C.P. Art. 80.
Similarly, in the present case, the gas purchase contract also deals with a movable. Therefore, plaintiffs have failed to show that venue under LSA-C.C.P. Art. 80 is proper.

VENUE EXCEPTION FOR SOLIDARY OBLIGORS
Plaintiffs also argue that venue is proper in Union Parish under LSA-C.C.P. Art. 73 which provides:
An action against joint or solidary obligors may be brought in any parish of proper venue, under Article 42, as to any obligor who is made a defendant.
If the action against this defendant is compromised prior to judgment, or dismissed after a trial on the merits, the venue shall remain proper as to the other defendants, unless the joinder was made for the sole purpose of establishing venue as to the other defendants.
Plaintiffs also named as a defendant in this suit West Monroe Gas Gathering Company, alleged to be a Louisiana Corporation doing business in Union Parish. Plaintiffs argue that West Monroe Gas and Texas Gas are joint and solidary obligors and because venue is proper as to West Monroe Gas in Union Parish, venue is also proper as to Texas Gas in Union Parish under LSA-C.C.P. Art. 73.
Parties are joint obligors when they owe just one performance to one obligee. LSA-C.C. Art. 1788 provides:
When different obligors owe together just one performance to one obligee, but neither is bound for the whole, the obligation is joint for the obligors.
When one obligor owes just one performance intended for the common benefit of different obligees, neither of whom is entitled to the whole performance, the obligation is joint for the obligees.
Solidary obligors are referred to in LSA-C.C.Art. 1794 which provides:
An obligation is solidary for the obligors when each obligor is liable for the whole performance. A performance rendered by one of the solidary obligors relieves the others of liability toward the obligee.
The record in this case does not support a conclusion that West Monroe Gas and Texas Gas are joint or solidary obligors. Plaintiffs *208 allege in their petition they entered into a contract with West Monroe Gas on May 21, 1979 and they entered into a contract with Texas Gas on February 7, 1979. These were two separate contracts with separate obligations. In the contract with Texas Gas, the plaintiffs are bound to sell gas and Texas Gas is bound to buy gas. There is a separate agreement between the plaintiffs and West Monroe Gas whereby West Monroe Gas gathers the gas from plaintiffs' wells and transfers it to the Texas Gas pipeline. At that point the plaintiffs and West Monroe Gas have a contract with Texas Gas to sell the gas to Texas Gas. Texas Gas is not involved in any way with the fulfillment of the obligation owed by West Monroe Gas nor is West Monroe Gas involved with the fulfillment of the obligation owed by Texas Gas. Therefore, West Monroe Gas and Texas Gas do not together owe just one performance to the plaintiffs and are therefore not joint obligors.
Also, West Monroe Gas and Texas Gas are not solidary obligors. They are not each bound for one performance to the plaintiffs. West Monroe Gas is bound to gather gas and deliver it to Texas Gas. Texas Gas is bound to buy the gas from plaintiffs and West Monroe Gas. Therefore, neither West Monroe Gas nor Texas Gas are bound for the whole performance and they are therefore not solidary obligors.

CONCLUSION
For the above stated reasons, we affirm the trial court judgment maintaining defendants' declinatory exception of improper venue. Defendant is a foreign corporation licensed to do business in this state and venue is proper in Orleans Parish, where the defendant's registered office is located. Plaintiffs have failed to show that any of the exceptions to the general venue provisions of LSA-C.C.P. Art. 42 apply to the facts of this case. Therefore, venue for suit against Texas Gas is proper only in Orleans Parish. The judgment of the trial court is affirmed at plaintiffs' cost.
AFFIRMED.