SEXTON, Judge.
This is an appeal from a trial court judgment sustaining the defendants’ declinato-ry exception of improper venue. For the following reasons, we affirm.
Defendant City of Shreveport (City) ■ owns the Downtown Airport located in the northeast part of the city. The original boundary between Caddo and Bossier Parishes was the Red River. Because of the eastward movement of the Red River, the Downtown Airport now lies in Bossier Parish instead of Caddo Parish.
The City operates the Downtown Airport, as well as the Shreveport Regional Airport, through its agency, defendant Shreveport Airport Authority (SAA).[1] The Downtown Airport is known as a general aviation airport, accommodating no commercial airlines, only private aircraft. Many private aircraft owners in turn lease lots and/or hangars from the SAA to store their aircraft.
This suit was brought by 13 lessees[2] of lots and/or hangars at Shreveport’s Downtown Airport, seeking substantive changes to their lease agreements with the SAA and refunds. Specifically, in their original petition plaintiffs prayed for (1) cancellation of the rental increases called for by their leases with the SAA, (2) a refund of a certain amount of the rentals previously paid to the SAA under their lease agreements, and (3) a declaration that any future rental increases under those leases be calculated in accordance with standard procedure.
Plaintiffs subsequently amended this prayer. The first amendment sought recognition of plaintiffs’ rights of possession and occupancy of the leases under the terms of the leases, and sought the same lease renewal rights customarily and previously granted to all tenants at the Downtown Airport. The second amendment sought a money judgment for expropriation of plaintiffs’ property and for constructive eviction therefrom.
Defendants filed certain exceptions to plaintiffs’ lawsuit, one of which was that venue in Bossier Parish was improper. This exception was based on the general rules of venue set forth in LSA-C.C.P. Art. 42, which states that the general venue for an individual defendant is the parish of domicile, and that venue for a domestic corporation is the parish of its registered office, here in both cases Caddo Parish. The trial court held that plaintiffs did not establish an exception to the general rules of venue which would have allowed them to bring suit in Bossier Parish. Accordingly, the suit was dismissed. Plaintiffs now appeal this decision.
EXCEPTION OF IMPROPER VENUE
Plaintiffs first claim on appeal that venue in Bossier Parish District Court is proper under LSA-C.C.P. Art. 80. This article *746 allows actions to be brought in the parish where immovable property is situated if such actions assert an interest in immovable property, or a right in, to, or against immovable.property. Plaintiffs assert that their petition, as amended, presents a suit that asserts an interest in, or a right in, to, or against immovable property. We disagree.
Exceptions to general rules of venue must be strictly construed, and a party claiming the benefit of an exception must bring itself clearly within the exception. Hawthorne Oil and Gas Corporation v. Continental Oil, 377 So.2d 285 (La.1979); Glover v. Mayer, 209 La. 599, 25 So.2d 242 (1946); Fourth Jefferson Drainage District v. City of New Orleans, 203 La. 670, 14 So.2d 482 (1943). We agree with the trial court that plaintiffs have failed to meet their burden in this regard. This suit, as per plaintiffs’ original prayer, involves the subject of rental increases and refunds pursuant to a contract of lease of immovable property. Although the property at issue is immovable, Louisiana courts have consistently held that suits involving a contract of lease of real estate should be brought under the general rules of venue in the parish of the defendants’ domicile. LSA-C.C.P. Art. 42(1); Succession of Baldwin v. Antin, 532 So.2d 815 (La.App. 4th Cir.1988); Herbert v. Myers, 449 So.2d 185 (La.App. 3rd Cir.1984); C & M Properties, Inc. v. Wascom, 361 So.2d 1266 (La.App. 1st Cir.1978). Furthermore, plaintiffs’ first and second amendments to their prayer do not gain venue in Bossier Parish for them. The first amendment uses different wording in an effort to almost track the language of LSA-C.C.P. Art. 80, but the substance of the suit has not changed. No one presently challenges plaintiffs’ right of possession. The second amendment only seeks a money judgment as an alternative. None of this clearly brings the suit within the purview of C.C.P. Art. 80. Hawthorne, supra; Glover, supra; Fourth Jefferson Drainage District v. City of New Orleans, supra.
Plaintiffs also claim that venue is proper in Bossier Parish under LSA-C.C.P. Art. 77, another exception to the general venue rules of Art. 42. Art. 77 allows a suit against a person with a business office or establishment in a parish where that office or establishment is located if the suit involves a matter over which that office or establishment has supervision. Plaintiffs claim that according to the testimony of Jack Taylor, a plaintiff in this lawsuit, the SAA maintains an office in the Downtown Airport ill Bossier Parish with a manager at that office who exercises supervision over the leases at the Downtown Airport. Therefore, plaintiffs assert that Bossier Parish District Court is the proper venue in this case under C.C.P. Art. 77. We find no merit to this contention.
Mr. Taylor’s testimony was that the manager at the Downtown Airport exercises supervision over the lessees at the Downtown Airport. We agree with defendants that such supervision of the day-to-day activities of the private aircraft owners at the airport in no way involves the substantive lease contract matters at issue in this suit. The only evidence on this issue presented to the trial court was Mr. Taylor’s one page of testimony which stated that the manager of the Downtown Airport exercises supervision over the lessees there. An exception to the general rules of venue must be strictly construed, and only clear exceptions will be allowed. Hawthorne, supra; Reliance Trust v. Texas Gas Transmission, 499 So.2d 202 (La.App. 2d Cir. 1986). We find that there has been no showing that the Downtown Airport office of the Shreveport Airport Authority has supervision over the lease contracts at issue in this case. Reliance Trust v. Texas Gas Transmission, supra.
GENERAL APPEARANCE
Plaintiffs also assert that defendants waived their exception of improper venue because they entered a general appearance under LSA-C.C.P. Art. 7.
Plaintiffs’ suit was served on all defendants on January 6, 1989. Defendants filed a “Motion for Security for Costs and for Extension of Time to File Responsive Pleadings” on January 18, 1989. A rule to *747 show cause setting defendants’ motion for hearing was served on plaintiffs’ counsel on January 20, 1989. Nevertheless, at the request of plaintiffs’ counsel, a preliminary default was entered against defendants on January 24, 1989.
In response to this entry of preliminary default, on February 7, 1989, defense counsel wrote a letter to the Bossier Parish Clerk of Court requesting her to strike the preliminary default. In that letter defense counsel asserted that the preliminary default had been entered improperly because defendants had filed their “Motion for Security for Costs and for Extension of Time to File Responsive Pleadings” six days before the preliminary default was entered and that plaintiffs’ counsel was aware of that filing.
Plaintiffs assert that defendants’ letter to the Bossier Parish Clerk of Court requesting the cancellation of the preliminary default constituted a general appearance under C.C.P. Art. 7.
A defendant may waive his right to bring a declinatory exception of improper venue if he makes an appearance. LSA-C. C.P. Art. 925, 928. Sales Tax Collector v. Eckco Fabricators, 423 So.2d 1218 (La. App. 5th Cir.1982). However, we do not find that defendants made an appearance by writing a letter to the Bossier Parish Clerk of Court. An appearance may consist of the filing of a plea, an answer, or may involve the signing and filing of an instrument entering an appearance. Succession of Bickham, 518 So.2d 482 (La.1988).
In the instant case, defendants did not file an answer, nor did they file any other pleading or formal document. The letter does not constitute a general appearance. Fortier v. Gumelsky, 148 La. 768, 87 So. 741 (1921). See also Foster v. Colonel Sanders Kentucky Fried Chicken, Inc., 526 So.2d 252 (La.App. 2d Cir.1988), writ denied, 531 So.2d 483 (La.1988).
For the foregoing reasons, we affirm the judgment of the trial court dismissing plaintiffs’ suit at appellants’ costs.
AFFIRMED.
ON APPLICATION FOR REHEARING
Before MARVIN, SEXTON, HIGHTOWER, FRED W. JONES, Jr. and NORRIS, JJ.
Rehearing denied.

. Also made defendant originally was Ms. Carol Barnes, chairperson of the Shreveport Airport Authority. Ms. Barnes was subsequently dismissed from the lawsuit.

. Four of these plaintiffs were later dismissed from the suit.