KNOLL, J.
dissents.
hi respectfully dissent and would grant the writ. This Court has not addressed what constitutes a sufficient answer. The issue is squarely before us in the present matter. We should grant and docket this writ and issue an opinion that fully fleshes out how to determine the sufficiency of an answer, giving guidance to the - lower courts. Nevertheless, because the Court is issuing a per curiam, I also write to express my disagreement with this decision, as I find, based on what has been submitted in the parties’ writ applications, that the District Court did not commit reversible error in this case.
Although the Clerk of Court filed the defendant’s brief letter as an “answer,” it appears to be nothing more than a dilatory strategy employed by the defendant to postpone facing nearly $1,300,000 in contractual damages. Importantly, the letter is written by the registered agent of Dirt Worx who at no point purports to be an attorney and thus has no authority to appear on behalf of a limited liability company. La. R.S. § 37:213. Furthermore, the letter is not captioned as an answer, does not 12appear to have been sent to the plaintiff at the time of filing, and was submitted more than a month after preliminary default had been entered.[1]
*912 Although pleadings must be construed reasonably so as to do substantial justice, the defendant’s letter did not merely lack technical niceties. Rather, in light of defendant’s failure to engage counsel and file a bona fide answer to a petition containing serious breach of contract allegations, even after having preliminary default entered, the defendant’s letter can be reasonably viewed as a mere delay tactic rather than a valid pleading which would prevent entry of default judgment.
There is little Louisiana case law to guide us in considering what constitutes a sufficient answer. As the per curiam notes, the Fourth Circuit in Seelig v. Kit World Super Store, Inc., App. 4 Cir.1998, 705 So.2d 806, 1997-1592 (La.App. 4 Cir. 1/21/98) found a motion to strike, rather than confirmation of default, was appropriate in the case of an handwritten “answer” by a non-attorney corporation’s president. However, Seelig is not applicable here, as the defendant in Seelig unquestionably intended the filing to constitute an answer, apparently utilizing the “answer” form provided to pro se litigants in good faith. Rather, the present matter is more analogous to past cases where a message on a citation or private letter sent to the clerk of court or judge were deemed to not constitute an answer. Foster v. Colonel Sanders Kentucky Fried Chicken, Inc., 526 So.2d 252, 259 (La. 2nd Ct.App.) writ denied, 531 So.2d 483 (La.1988) (the Second Circuit held it had “no authority” to treat a response scrawled at the foot of a citation form as an answer); Fortier v. Gumelsky, 148 La. 768, 87 So. 741 (1921) (private letter sent to a trial | ¡¡.judge did not to constitute an answer or general appearance); Taylor v. Shreveport Airport Auth., 564 So.2d 744, 747 (La. 2nd Ct.App. 1990) writ granted, decision rev’d on other grounds, 568 So.2d 1070 (La.1990) (letter to the clerk of court requesting cancellation of preliminary default not considered an answer).
The District Court did not abuse its discretion by disregarding the defendant’s letter, which fell woefully short of constituting a valid answer, and entering default judgment against the defendant under these circumstances. Alternatively, I find the District Court’s grant of the Motion to Strike the Answer without a hearing to be harmless error under these circumstances. Dirt Worx’s argument that it would have taken any additional action upon being notified of a hearing is speculative at best, as Dirt Worx already chose to ignore the plaintiffs notice of intent to file the Motion to Strike and to confirm default judgment.

. Although the majority argues the plaintiff never entered evidence into the record proving Dirt Worx’s letter was not written by an attorney, the Court of Appeal correctly noted "Dirt Worx does not challenge the sufficiency *912 of the evidence as it relates to the confirmation of default judgment....”