771 So.2d 286 (2000)
SUCCESSION OF Buford Augustus AUCOIN and His Wife, Ruby Lee Prestidge Aucoin.
No. 99 CA 2171.
Court of Appeal of Louisiana, First Circuit.
November 8, 2000.
Allen A. McElroy, Jr., Berwick, for Spencer Augustus Aucoin and Elaine Mary Dupre Aucoin.
David M. Kaufman, Lafayette, for Sharon Theresa Aucoin Cain, Individually and as Provisional Administratrix of Buford Augustus Aucoin and Ruby Lee Prestidge Aucoin.
Before: FOIL, FITZSIMMONS and DUPLANTIER, JJ.
*287 FOIL, Judge.
At issue in this appeal is whether a general power of attorney authorized a husband to donate his wife's interest in their family home to one of their children. We conclude that the power of attorney at issue did not expressly authorize the husband to donate his wife's interest in immovable property, and affirm the judgment nullifying that donation.

BACKGROUND
Sharon Cain and Spencer Aucoin are the children of Buford and Ruby Lee Aucoin. Ruby died on April 11, 1996, and Buford died on October 16, 1996. Thereafter, Sharon filed a petition seeking to open her parents' successions and was appointed as the provisional administratrix of the successions. As the provisional administratrix, Sharon filed a petition seeking to annul various inter vivos donations of her parents' property to Spencer and his wife, Elaine. Specifically, she attacked the transfer of several tracts of land by her parents to Spencer and Elaine as disguised donations, challenged the donation of another tract of land, and sought to nullify the donation of the family home to Spencer and Elaine.
In connection with the succession proceeding, Sharon filed a motion for a partial summary judgment asking for a judgment rescinding and nullifying the donation of the family home. The record reflects that the family home was donated to Spencer and Elaine by act of donation dated March 25, 1996. The document was signed by Buford Aucoin on his own behalf, and by Buford on Ruby's behalf as her agent through a general power of attorney.
Sharon asserted that her father lacked authority to donate the property on behalf of her mother. First, she argued that her mother did not concur in the donation and it was therefore invalid under La. Civ. Code art. 2349, which requires the concurrence of both spouses for donations of property to third persons which fall outside of the category of "usual or customary" gifts. Secondary, Sharon argued that the purported donation was invalid under La. Civ.Code art. 2997, which requires that the authority to make inter vivos donations on behalf of another be expressly given. She urged that the general power of attorney executed by her mother and father did not expressly and specifically state that her father had authority to donate her mother's interest in property, and therefore, the attempted donation of that interest was invalid.
The trial court granted the motion for partial summary judgment, finding that a valid donation of property could not be confected by a power of attorney. The court also noted that even if one could donate property by a power of attorney, the power of attorney at issue did not expressly provide for the authority to donate. The court entered judgment nullifying and rescinding the act of donation, and ordered that the property be returned to the successions. The judgment was certified as a final judgment by the court for the purpose of an immediate appeal to this court. La.Code Civ. P. art. 1915.
This appeal, taken by Spencer and Elaine, followed.

DISCUSSION
On July 29, 1992, a general power of attorney was signed by Ruby and Buford, in which Ruby gave her husband the full power and authority to conduct, manage and transact all of her affairs, without any exception or reservation. The provision primarily relied on by appellants as providing authority for the donation of the family home gave Buford the power to:
Sell, transfer, convey or to mortgage and affect all or any part(s) of the real, personal or mixed estate of [Ruby] and to receive the price thereof...
Appellants also point to language in the power of attorney which gave Buford the power to generally perform all and every act concerning the affairs or business assets of his wife, and which stated that *288 Ruby confirmed and ratified all of Buford's actions.
The power of attorney at issue, being a contract of mandate, is governed by the provisions of the Louisiana Civil Code, articles 2989 et seq. A general mandate may confer authority to do whatever is appropriate under the circumstances. Acts that are incidental or necessary for the performance of the general mandate need not be specified. La. Civ.Code art. 2995.
However, in articles 2996 and 2997, the Civil Code sets forth those instances in which authority of an agent to act on behalf of the principal must be specifically described or "express." The authority to alienate, acquire, encumber or lease a thing must be given expressly. La. Civ. Code art. 2996.
La. Civ.Code art. 2997 contains a listing of six activities for which authority must be given expressly. The first is the power to make an inter vivos donation.[1] Where immovable property is involved, a donation inter vivos must be by a written notarial act. La. Civ.Code art. 1536. The contract of mandate authorizing that act must also be in that form. La. Civ.Code art. 2993. In light of these provisions, the power of attorney at issue must expressly authorize Buford to donate Ruby's interest in the family home for the donation to be valid.
Appellants contend that by its express terms, the power of attorney authorized Buford Aucoin to "transfer and convey" Ruby's interest in immovable property. They point out that the term "transfer" is defined in Black's Law Dictionary as to convey, to sell or to give. The word "convey" is defined as "to transfer or deliver to another." The express authority thus permitted donations, they urge, because a donation is a form of transfer or conveyance by deed. Appellants contend that the mere failure of the attorney preparing the act of donation to use the word "donate" should not render the power of attorney invalid for donations.
Appellee, on the other hand, argues that whenever the power of attorney authorized her father to perform certain acts on behalf of her mother, there is always a corresponding obligation to receive funds, proceeds or other benefits on her mother's behalf. There is not the slightest indication, she argues, in the power of attorney that her father could make a gift or otherwise dispose of her mother's property without receiving something of value in return.
The arguments advanced by the parties are precisely the type of debate the legislature sought to eliminate by requiring that the power to donate immovable property on behalf of another be expressly stated in the power of attorney. Appellants are in effect asking this court to infer the power to donate from the general language of the power of attorney. However, reasonable inferences cannot establish an agent's authority to donate where that authority must by law be express. Succession of Tebo, 358 So.2d 337, 340 (La.App. 4th Cir.1978).
Accordingly, we hold that the power of attorney, which does not expressly and explicitly confer upon the agent the power to donate the principal's interest in immovable property, did not authorize Buford to donate his wife's interest in the family home to Spencer and Elaine. The trial court correctly nullified the donation and ordered that the property be returned to the succession.

CONCLUSION
Based on the foregoing, the judgment appealed from is affirmed. All costs of this appeal are assessed to appellants.
AFFIRMED.
FITZSIMMONS, J., concurs, and assigns reasons.
*289 FITZSIMMONS, J., concurring, with reasons.
I respectfully concur. Before the 1997 revision of the codal articles at issue, the grant of the power to donate, an "act of ownership," had to be express. La. C.C. art. 2996 (pre-1997 revision). Post-revision article 2997 specifically provides that express authority must be given to make a donation inter vivos. In my opinion, the very broad grant of authority conferred on the mandatary coupled with the words "transfer, convey" would have been sufficient to allow the mandatary to gift the property. As noted in the opinion, to "transfer" can mean to "sell" or to "give." However, the authority to "transfer" is joined, by the word "and," with the mandate "to receive the price thereof ....." With a donation, there is no price to receive. Thus, I agree that the principal did not expressly grant the power to donate gratuitously.
NOTES
[1] Although article 2997 was added by La. Acts 1997, No. 261, effective January 1, 1998 (after the power of attorney at issue was signed), appellants do not dispute the applicability of the express authority requirement in the case of an inter vivos donation.