STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

05-966

WENDY FUNK, ET AL.

VERSUS

RICHARD J. CLEMENT, M.D., ET AL.

**********
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 1995-138
HONORABLE D. KENT SAVOIE, DISTRICT JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Glenn B. Gremillion, Judges.

AMY, J., dissents and assigns written reasons.

AFFIRMED.

R. Ray Orrill, Jr.
William Christopher Beary
Orrill, Cordell & Beary, LLC
1010 Common Street, 31st Floor
New Orleans, LA 70112
(504) 299-8724
Counsel for Plaintiffs/Appellees:
     Wendy Funk
     H. David Funk

**Leslie A. Cordell**
**Orrill, Cordell & Beary, LLC**
**412 W. University, Suite 206**
**Lafayette, LA 70506-3673**
**(337) 237-8200**
**Counsel for Plaintiffs/Appellees:**
      **H. David Funk**
      **Wendy Funk**

**Ronald J. Bertrand**
**714 Kirby Street**
**Lake Charles, LA 70602**
**(337) 436-2541**
**Counsel for Appellee:**
      **Rudy O. Young**

**Hamilton J. Chauvin**
**P. O. Box 3442**
**Lafayette, LA 70502**
**(337) 291-2620**
**Counsel for Appellee:**
      **Bryan Forrest Gill, Jr.**

**Michael R. Garber**
**P. O. Box 597**
**Lake Charles, LA 70602**
**(337) 494-5500**
**Counsel for Defendants/Appellants:**
      **Richard J. Clement, M.D.**
      **Emily Sue Clement**
      **Richard J. Clement Intervivos Trust**

**Steven William Hale**
**1735 Ryan St.**
**Lake Charles, LA 70601**
**(337) 433-0612**
**Counsel for Defendants/Appellants:**
      **Richard J. Clement, M.D.**
      **Emily Sue Clement**
      **Richard J. Clement Intervivos Trust**

GREMILLION, Judge.

The defendants, Richard J. Clement, M.D., and Richard J. Clement, M.D., FACOG,[1] APMC,[2] appeal the declaratory judgment of the trial court determining that three pieces of immovable property are owned by Richard J. Clement, M.D., FACOG, APMC (the corporation), rather than by the Richard Joseph Clement Inter Vivos Trust (the trust). For the following reasons, we affirm even though we find that the trial court erred in finding that this case turned on a petitory action, holding instead that the inter vivos donations made by defendants are absolutely and relatively null.

## FACTS

The plaintiffs, Wendy and David Funk, filed suit against both Dr. Clement and the corporation (referred to collectively as Clement) seeking damages resulting from the negligent treatment received by Wendy after Dr. Clement performed a hysterectomy on her. The matter had previously been submitted to a medical review panel, which found that Dr. Clement failed to meet the applicable standard of care by administering excessive dosages of testosterone to her post-operatively. Following a bench trial, the trial court rendered judgment in favor of the Funks, awarding them a total of $592,500 in damages.

This appeal stems from the Funks' attempts to collect that judgment from Clement. By this stage of the matter, both the Funks and the corporation had sought relief under Chapter 7 of the Bankruptcy Code. Specifically, the Funks argue that

---

[1] Fellow of the American College of Obstetricians and Gynecologist.

[2] A Professional Medical Corporation.

1

the corporation owns three tracts of immovable property located in Lake Charles. Clement argues that the properties were transferred from the corporation to the trust via either the formation of the trust on August 27, 1997, or by an act of donation to the trust on February 12, 1999.

The three tracts of property are identified by their municipal addresses as 517 South Ryan Street, 519 South Ryan Street, and 3614 Lakeview Drive. 517 South Ryan Street was obtained by Dr. Clement and his, then, wife, Naomi Jean Clement, on July 1, 1976. On June 18, 1991, Dr. Clement's then wife, Kathy Clement, purchased 3614 Lakeview Drive, which she later sold to the corporation on November 22, 1994. On July 29, 1996, the corporation purchased 519 South Ryan Street.

On August 27, 1997, Richard Joseph Clement created the Richard Joseph Clement Inter Vivos Trust and named his current wife, Emily Sue Bryant Clement, as trustee. The three tracts in question were listed as immovable property included in the trust. However, the property description for 517 South Ryan Street was incorrect. Although the trust was created on August 27, 1997, it was not filed in the public records until August 31, 1998. On October 27, 1998, Richard Joseph Clement, M.D., FACOG, APMC, filed an Act of Correction in the public records correcting the property description for 517 South Ryan Street in the trust documents. Attached to this document is a Resolution of the corporation, dated August 27, 1997. The resolution states that "RICHARD JOSEPH CLEMENT, M.D., FACOG, APMC, herein enters into this stated instrument as a party to the 'RICHARD JOSEPH CLEMENT INTER VIVOS TRUST.'" It further states that:

2

Richard Joseph Clement, M.D., as President, Chief Executive Officer, and Director of the Corporation be, and his is hereby authorized, empowered and directed to take any and all steps and do any and all things in the name and on behalf of the Corporation, including his entering into this stated instrument as a party to the "RICHARD JOSEPH CLEMENT INTER VIVOS TRUST[.]

The final pertinent document is an Act of Donation executed on February 12, 1999. In the act, Richard J. Clement, M.D., donated 517 South Ryan, 519 South Ryan, 3614 Lakeview Drive, and two other properties to Emily Sue Clement, as trustee of the trust.

Following a judgment debtor examination, the Funks filed a motion seeking the issuance of a writ of fieri facias with regard to the immovable property. After Clement objected to the Funks' use of summary proceedings, their motion was converted into a petition for declaratory judgment. Thereafter, Clement filed a peremptory exception of prescription arguing that the Funks' action to revoke Dr. Clement's transfer of the property to the trust was a revocatory action which had prescribed pursuant to La.Civ.Code art. 2041. However, the corporation's bankruptcy trustee answered the Funks' petition for declaratory judgment and admitted that the corporation owned the property.

Following a hearing on the merits, the trial court rendered judgment declaring that the corporation was the owner of all three tracts of immovable property and ordering the clerk of court to annotate his records accordingly. The trial court further denied Clement's exception of prescription, finding that as this was a petitory action, it was imprescriptible. This appeal by Clement followed.

**ISSUES**

On appeal, Clement raises five assignments of error which are all based on the trial court's findings that the corporation is the owner of the properties pursuant to the petitory action. However, after reviewing those assignments, the record, and the law, we find that the trial court erroneously treated this matter as a petitory action.

In its first assignment of error, Clement argues that the Funks' action is one to revoke the corporation's transfer of the subject property to the trust. Although they broach this argument with regard to the issue of prescription, we agree that this matter is not a petitory action. A petitory action matches the alleged owner against the possessor of the subject property to determine ownership. Here, the Funks are not alleging that they are the owners of property possessed by the corporation; instead, they claim that the corporation owns property which is possessed by a third party, the trust. However, we need not address their claims as we find that the two donations were done for an illicit purpose, to secrete the corporation's property from its creditors. As such, we declare them absolutely null.

**ABSOLUTE NULLITY**

Louisiana Civil Code Article 2030 provides that "[a] contract is absolutely null when it violates a rule of public order, as when the object of a contract is illicit or immoral. A contract that is absolutely null may not be confirmed." Article 2030 also provides that the nullity of such a contract may be invoked by any person or by the court. Moreover, such an action is imprescriptible. La.Civ.Code art. 2032.

4

In *Dugas v. Dugas*, 01-669, p. 5 (La.App. 3 Cir. 12/26/01), 804 So.2d 878, 881, *writ denied*, 02-0652 (La. 5/24/02), 816 So.2d 307 (footnote omitted), we stated that:

> Louisiana public policy does not permit a potential debtor to transfer property to someone else in order to secrete it from potential creditors, in essence, for an illicit purpose. This applies to transfers made at the time that a cause of action accrues *before* a potential creditor files a suit or obtains a judgment.

In this instance, the Funks filed their cause of action against Clement on January 10, 1995. At that time, the corporation already owned 3614 Lakeview Drive and Dr. Clement, personally, owned 517 South Ryan Street. On July 29, 1996, the corporation purchased 519 South Ryan Street. On August 27, 1997, Dr. Clement created the trust, which donated 3614 Lakeview Drive and 519 South Ryan Street, as well as other immovable property and numerous items of movable property, to Emily Clement, his wife, as trustee. On August 31, 1998, the trust documents were filed in the public records. On October 27, 1998, Dr. Clement filed the Act of Correction, which attempted to correct the property description in the trust document to include 517 South Ryan Street. However, as this document fails to comply with the dictates of La.R.S. 35:2.1, we find that it is void.[3] On February 12, 1999, Dr. Clement, personally, executed an act of donation which donated immovable property, including all three of the tracts at issue, to Emily Clement as trustee. The Funks obtained their judgment against Dr. Clement and the corporation on February 27, 2002. On February 24, 2003, the corporation sought protection under Chapter 11 of the

---

[3] La.R.S. 35:2.1 requires that an affidavit of correction affecting immovable property must be executed by the notary before whom the original act was passed, before two witnesses and another notary public.

5

Bankruptcy Code, whose petition was converted to a claim under Chapter 7 of the Bankruptcy Code on June 2, 2003.

Emily Clement testified at the judgment debtor examination that Dr. Clement created the trust in 1997, after fracturing his hip and in contemplation of the possibility of future problems arising from this injury. As a result, Emily said that the trust now owns the corporation and all of Dr. Clement's assets. She further testified at the judgment debtor examination that she is the trustee and principal beneficiary of the trust. Dr. Clement agreed with her testimony. Her testimony was the same during the trial on the merits. The Clements' certified public accountant, Anthony LeBato, testified that he was unaware of the trust's existence until 2003, when he learned of it from Emily; thus, he has never filed any financial documents or tax returns for the trust.

After reviewing the evidence, we find that the underlying purpose of the donations was to remove the corporation's and Dr. Clement's own property from the reach of their creditors, including the Funks. Thus, we find that their actions contravene the public policy of Louisiana.

Moreover, we find that the donations are relatively null in that Dr. Clement lacked the capacity to donate 3614 Lakeview Drive and 519 South Ryan Street to the trust in either donation. Those properties belonged to the corporation. In *Succession of Aucoin*, 99-2171, p. 4 (La.App. 1 Cir. 11/8/00), 771 So.2d 286, 288, the court stated:

> Where immovable property is involved, a donation inter vivos must be by a written notarial act. La.Civ.Code art. 1536. The contract of mandate authorizing that act must also be in that form. La.Civ.Code art. 2993. In light of these provisions, the power of attorney at issue must

6

expressly authorize Buford to donate Ruby's interest in the family home for the donation to be valid.

Here, although a corporate resolution was attached to the Act of Correction, the corporation did not specifically give Dr. Clement the authority to donate 3614 Lakeview and 519 South Ryan Street to the trust. Thus, we find that Dr. Clement lacked the capacity to donate the property on behalf of the corporation.

Louisiana Civil Code Article 2031 provides that the relative nullity of a contract may only be invoked "by those persons for whose interest the ground for nullity was established." Here, the corporation is the party for whom the ground of nullity was established. As the corporation is in Chapter 7 Bankruptcy, the trustee in bankruptcy is the representative of the corporation pursuant to 11 U.S.C.A. § 323. In its answer to the Funks' petition for declaratory judgment, the corporation's trustee in bankruptcy admitted that the corporation is the owner of the property which was purportedly donated to the trust. Thus, we find that it satisfactorily invoked the donation's relative nullity that Dr. Clement lacked the capacity to donate the said property.

Based on the foregoing findings, we find that the August 27, 1997 and February 12, 1999 inter vivos donations are absolutely and relatively null, with the effect that the parties are placed back into the positions they occupied prior to those acts. Accordingly, the corporation is the owner of 3614 Lakeview Drive and 519 South Ryan Street. We need not address whether the corporation or Dr. Clement owns 517 South Ryan Street as the Funks are entitled to collect their judgment against both parties.

**CONCLUSION**

For the foregoing reasons, the judgment of the trial court is affirmed based on a finding that the August 27, 1997 and February 12, 1999 inter vivos donations are absolutely and relatively null. The costs of this appeal are assessed to the defendants-appellants, Richard J. Clement, M.D., and Richard J. Clement, M.D., FACOG, APMC.

**AFFIRMED.**

NUMBER 05-966

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

WENDY FUNK, ET AL.

VERSUS

RICHARD J. CLEMENT, M.D., ET AL.

AMY, J., dissenting.

I respectfully dissent. In my opinion, this case requires a reversal based on the trial court's failure to grant the defendant's exception of prescription. Rather than treating the case as a petitory action as the trial court did, it is my view that what the plaintiffs are seeking is a revocatory action pursuant to La.Civ.Code art. 2036, *et seq.* Those articles apply to "acts" which cause or increase insolvency of the obligor. Comment (b) to Article 2036 indicates that this type of act can be either intentional or negligent. I conclude that what we have in this case are intentional acts that may be subject to the revocatory action of Article 2036. With regard to prescription, Article 2041 indicates that such an action cannot be brought "after three years from the date of that act or result." Comment (a) to Article 2041 also references the applicability of the provision to obligors who knowingly act to the prejudice of obligees. Since this action was filed more than three years after the transfers, I find the exception of prescription meritorious. Accordingly, I would reverse the trial court's ruling and render a dismissal of the plaintiff's claim.