# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 21-507


**SHEILA BROUSSARD GUIDRY**

**VERSUS**

**AVE MARIA ROSARY & CENACLE, INC., ET AL**


**\*\*\*\*\*\*\*\*\***
ON APPEAL FROM THE
27TH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 15-C-0281-B
HONORABLE GERARD CASWELL, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\***

**JONATHAN W. PERRY**
**JUDGE**

**\*\*\*\*\*\*\*\*\***

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and Jonathan W. Perry, Judges.


**AFFIRMED IN PART;**
**REVERSED IN PART;**
**AND REMANDED.**

John W. Milton
Karnina Dargin King
Ryan El. King
King Milton Law Group, LLC
210 East Willow Street
P.O. Box 91362
Lafayette, Louisiana 70509
(337) 548-3030
**COUNSEL FOR PLAINTIFF-APPELLANT**:
     Sheila Broussard Guidry

Bruce Gaudin
Attorney at Law
100 West Bellevue
Opelousas, Louisiana 70570
(337) 948-3818
**COUNSEL FOR DEFENDANTS-APPELLEES**:
     Ave Maria Rosary & Cenacle, Inc., et al

**PERRY, Judge.**

This case involves an action of Sheila Broussard Guidry ("Sheila") to recover a one-acre parcel of immovable property from Ave Maria Rosary & Cenacle, Inc. ("Ave Maria") as well as her petition for declaratory judgment as owner of the one-acre parcel.[1] Sheila appeals[2] the dismissal of her claims on peremptory exceptions of no cause of action, no right of action, and prescription, as well as the granting of an adverse motion for partial summary judgment.[3] After conducting a de novo review, we affirm in part, reverse in part, and remand.

## FACTS AND PROCEDURAL HISTORY

This case focuses on the ownership of property. Thus, we will begin our factual discussion with a brief description of the property in question to aid our later examination of the issues presented in this appeal.

On January 15, 1953, Jeffrey L. David, Sr., ("Jeffrey") and his wife Viola Perrodin ("Viola") sold the following property to René Broussard ("René"), a married man whose wife was Mable Felix ("Mable"). The property is described as follows:

> A certain tract or parcel of land, together with all buildings and improvements thereon, situated in the Plaisance Neighborhood, St. Landry Parish, La., containing twenty-five (25) acres, more or less, located in Section 63, T-5-S, R-3-E, La. Mer., and bounded now or formerly as follows: Northeast by Andrew H. David; Southeast and Southwest by Malvern Kidder; and Northwest by Public Road. Said

---

[1] This litigation has its genesis in a claim for damages based, in part, on a claim for malicious prosecution and involved multiple defendants; that claim against those defendants has been resolved and does not affect this appeal. Additionally, the journey of this case through the court has been torturous, complicated by the pandemic, and contains a multitude of factual allegations and demands, not all of which are pertinent to this appeal. What remains is basically a suit to determine property ownership.

[2] We will later discuss Ave Maria's objection to Sheila's appeal on procedural grounds.

[3] Consolidated with this suit in the trial court is a separate action instituted by Joseph and Rose Broussard ("the Broussards") against Ave Maria to revoke the donation inter vivos for ingratitude. In that lawsuit, the Broussards sought to revoke the donation of a one-acre parcel of land they donated to Ave Maria; this is the same parcel that forms the basis for Sheila's lawsuit. We will address the appeal of the Broussards under Docket No. 21-508 in a separate opinion.

tract being more particularly identified as Lot No. One (1) of a plat of Survey made by F. S. Robert, C.E., dated August 22, 1949, and recorded in Plat Book 3, page 33 of the records of the Recorder's Office of St. Landry Parish, La.

Being a part of the same property Jeffery L. David, Sr., acquired from Adolph Guillory on June 24, 1939, under original Act. No. 182959 recorded in Conv. Bk. X-6, page 63, of the records of the Recorder's Office of St. Landry Parish, Louisiana.

Subsequently, on September 7, 1968, René and Mable donated the following property to their son, Joseph R. Broussard ("Joseph"),[4] to-wit:

One (1) acre of land situated in Section Sixty-Three, Township Five South, Range Three East (Sec. 63, T-5-S, R-3-E), St. Landry Parish, Louisiana.

This is part of the community of acquets and gains of [donors]. Said property measures One hundred Ninety-One and Ninety-One Hundredths (191.91) in width and Two Hundred Twenty-Seven (227´) feet in length.

This property is bounded now or formerly as follows: On the North, South and East by the property of [donors] and the West by Louisiana Highway Number 103.

A plat of survey dated August 18, 1968, by Morgan Goudeau is attached to the donation.

Thereafter, on May 27, 1969, René and Mable executed a cash sale deed to Joseph and his wife Rose Kilchrist ("Rose") for the sum of $557.00. The cash sale deed identifies the same property described in the donation to Joseph dated September 7, 1968, and the same plat of survey attached to that earlier donation.[5]

Subsequently, on August 29, 1988, Mable, widow of René, executed a remunerative and onerous donation to Joseph of her one-half interest in the remaining twenty-four (24) acres she and her husband had acquired from Jeffrey and

---

[4] Joseph's marital status was not provided in this donation, and Joseph did not appear accepting the donation of the immovable property.

[5] The only difference is that the word "donees" has been replaced with the word "vendors" and a purchase sum is included.

2

Viola on January 15, 1953. In making this donation, Mable specifically noted that she and René had earlier transferred a one-acre parcel to Joseph and Rose on May 27, 1969.

On March 24, 1995, a judgment of possession in the Successions of Mable and René ("the decedents") was entered recognizing Joseph and Joseph Cormier ("Cormier") as the sole heirs of René and Mable, entitling them to three-fourths and one-fourth interests, respectively, in the 25 acres[6] the decedents had acquired from Jeffrey and Viola.

Shortly thereafter, on April 12, 1995, Cormier sold his one-fourth interest in the inherited property to Joseph. In that cash deed, it is stated that Joseph was acquiring Cormier's interest as his separate property. Joseph's wife, Rose, did not sign this cash deed.

The following month, on May 8, 1995, Joseph executed a donation inter vivos to his two daughters, Vanessa Ann Broussard Walker ("Vanessa") and Sheila, of 18 acres acquired by him and more fully described as the property earlier acquired by René and Mable from Jeffrey and Viola on January 15, 1953, as more fully described as Lot 1 of the plat of survey made by F. S. Roberts, C.E., dated August 22, 1949. Although the donation references an 18-acre tract, the plat of survey referenced in the donation states the tract encompasses 25 acres.[7] Vanessa and Sheila appeared

---

[6] The property description should have shown twenty-four acres because René and Mable had previously transferred a one-acre parcel to Joseph on September 7, 1968, and the same parcel had been conveyed by René and Mable to Joseph and Rose on May 27, 1969.

[7] It is well settled in our jurisprudence that the identification of land by acreage or quantity is the lowest ranking of all enumerated standards in describing property. *Blevins v. Mfgs. Record Publ.*, 105 So.2d 392 (La.1957). "[W]here there is an error or ambiguity with regard to a description in a deed, an attached map relating to the ambiguity or error will control. *Eves v. The Morgan City Fund and Shell Oil Co.*, 252 So.2d 770 (La.App.1st Cir. 1971)." *Prather v. Valien*, 327 So.2d 130, 133 (La.App. 3 Cir.), *writ denied,* 330 So.2d 318 (La.1976).

In the present case, the survey of F.S. Roberts, C.E., dated August 22, 1949, is referenced, showing that Lot No. 1 contained 25 acres.

accepting the donation inter vivos as their separate property. Ultimately, through a series of notarial acts described below between January 31, 2002, and June 25, 2008, Vanessa divested herself of all ownership in the donated tract.

On November 1, 2000, approximately five and one-half years after their donation inter vivos to Vanessa and Sheila, Joseph and Rose donated a one-acre parcel of land to Ave Maria, a non-profit Louisiana corporation. The parcel is described as:

> A certain tract or parcel of land, together with all buildings and improvements thereon, and all rights, ways, privileges, servitudes, appurtenances, and advantages thereunto belonging or in anywise appertaining, situated in Section 63, Township Five South (T-5-S), Range Three East (R-3-E), St. Landry Parish, Louisiana, containing ONE (1) ACRE, and more particularly identified as TRACT "A", as per Plat of Survey prepared by Nason A. LaJack, Jr., dated August 10, 2000, a copy being attached hereto. Said tract being more particularly described as commencing at the southwest corner of a large tract owned by Joseph R. Broussard containing 24 acres identified as Lot 1, thence in a northeasterly direction along La. Highway 103 Right of Way a distance of Two Hundred Seventy-seven and 46/100 (277.46') feet to the Point of Beginning, thence continuing in a Northeasterly direction along said right of way a distance of One Hundred Ninety-one and 97/100 (191.97') feet to a point, thence in an easterly or southeasterly direction a distance of Two Hundred Twenty-six and 92/100 (226.92') feet to a point, thence in a southerly or southwesterly direction a distance of One Hundred Ninety-one and 97/100 (191.97') feet to a point, thence in a westerly or northwesterly direction a distance of Two Hundred Twenty-six and 92/100 (226.92') feet to the point of beginning. Said tract being bounded, now or formerly, as follows: North, South and East by Joseph R. Broussard, and West by La. Highway 103.

> Being a portion of the same property that Joseph B. Broussard acquired in part in the Estate of Renee Broussard and Mable Felix Broussard, Probate Docket No. 95P1017B, in particular in Judgment of Possession dated March 28, 1995, recorded under Original Act No. 790828, in Conveyance Book D-35, page 332; and that Joseph R. Broussard and Rose Kilchrist Broussard acquired from Joseph Cormier in Act of Cash Sale dated April 12, 1995, recorded under Original Act No. 791300, in Conveyance Book D-35, page 845, of the records of St. Landry Parish, Louisiana.

Further stipulated in the donation is a provision stating that if the property is "no longer used for religious purposes and this corporation is dissolved, the land shall

4

revert to donors, JOSEPH BROUSSARD and ROSE KILCHRIST BROUSSARD, and/or their descendants in full ownership." Fay Perry Smithey and Joseph, respectively, the president and vice-president of Ave Maria, accepted this donation.

On January 31, 2002, Sheila and Vanessa executed an act in which they granted Joseph and Rose a usufruct over the tract donated to them on May 8, 1995. Joseph and Rose appeared in the document to accept the usufruct granted to them. On that same date, Vanessa donated her one-half interest in the home located on this same tract.

On May 10, 2004, Joseph and Rose filed an authentic act in which they revoked the donation[8] they earlier made to Vanessa and Sheila on May 9, 1995. The next day, Joseph and Rose donated the same tract, but now described as containing twenty-four acres, to Vanessa and Sheila who appeared accepting the donation. The donation specified that the north twelve acres were Vanessa's, and the south twelve acres were Sheila's.

Later, on June 7, 2006, an act of correction was confected, stating that Vanessa was mistakenly included in the donation of May 10, 2004. Nevertheless, on July 10, 2006, Sheila donated a one-half interest, consisting of the north twelve acres, to Vanessa. Subsequently, on June 25, 2008, Sheila revoked the donation, and Vanessa specifically stated that she did "hereby transfer, assign, and donate unto [Sheila] all of her interest in and to the subject property, with full subrogation to all rights and actions against all previous owners."

---

[8] Louisiana Civil Code Article 1468 (emphasis added) provides that the donor "divests himself, at present and **irrevocably**, of the thing given[.]" Louisiana Civil Code Article 1556 provides only four causes for the revocation of a donation, namely: ingratitude of the donee; nonfulfillment of a suspensive condition; the occurrence of a resolutory condition; and the nonperformance of "other conditions or charges." None of these causes are recited in this act of revocation or later in Sheila's act of revocation of June 25, 2006. But see *Scudder v. Howe*, 11 So. 824 (La.1892); *Atkins v. Johnson*, 35 So.2d 16 (La.1948) (recognizing that the parties, donor and donee, have the authority to rescind or modify the donation by mutual consent).

On May 8, 2009, Joseph and Rose entered into an act of exchange with Ave Maria. It is alleged that this exchange was necessitated because Ave Maria erected constructions beyond the eastern boundary of the one-acre parcel donated to it in 2000. In the exchange, Joseph and Rose conveyed a strip of property of 0.114 acres which abutted the eastern side of the 1-acre tract they had earlier donated to Ave Maria. And, in return, Ave Maria conveyed to Joseph and Rose a strip of property of 0.114 acres which was within and along the southern side of the one-acre tract earlier donated to it. These properties were more fully described in a plat of survey by John A. Miller, PLS, dated May 8, 2009, and was attached to the act of exchange.

On November 5, 2013, Joseph and Rose, utilizing a unilateral, authentic act, revoked the donation they had made to Ave Maria and recorded the revocation in the conveyance records of St. Landry Parish. This notarial act of revocation was entered into evidence in the record now before us. Ingratitude was the reason stated in the act of revocation. In response, Ave Maria filed suit, contesting the act of revocation. Joseph and Rose then filed suit seeking to evict Ave Maria from the donated property. The two lawsuits were consolidated.[9]

As reflected in a final judgment dated October 22, 2014, entered into evidence in the present matter, it is reflected that Ave Maria moved for summary judgment in the suit which contested the Broussards' revocation of the donation made to it. After considering the motion for summary judgment, the evidence, and the argument of counsel, on October 22, 2014, the trial court granted Ave Maria's motion. It nullified the unilateral authentic act of revocation, and the trial court recognized Ave Maria as the owner of the one-acre tract of land, together with all buildings and

_____

[9] Although the trial court and the litigants in the present consolidated cases reference these two lawsuits, the complete court records of these two lawsuits were never admitted into evidence in the litigation now before us.

improvements thereon situated. Joseph and Rose also withdrew their eviction suit. No motion for new trial was filed and no appeal was sought.

On January 20, 2015, Sheila sued Ave Maria, seeking the nullification of the exchange entered on May 28, 2009, between Ave Maria and her parents, Joseph and Rose.[10] In a supplemental and amending petition dated July 1, 2016, Sheila further sought to nullify the original donation Joseph and Rose made to Ave Maria of the one-acre tract of land to Ave Maria. On June 25, 2018, Sheila again amended her petition against Ave Maria; in this instance, she sought to have the court declare her the owner of the one-acre tract claimed by Ave Maria. On October 25, 2019, Sheila further sought the nullification of the original one-acre donation made by Joseph and Rose to Ave Maria on three grounds: (1) the property had already been donated to her, and she did not join in the donation to Ave Maria; (2) Ave Maria misrepresented its corporate authority to acquire the property and supported it and the later act of exchange with false minutes and resolutions; and (3) the original 2000 donation was not executed before two witnesses and was not, therefore, an authentic act.

Lastly, on January 15, 2020, Sheila again amended and supplemented her petitions to include with more particularity: (1) the falsity of minutes and resolutions for the acceptance by Ave Maria of the original 2000 donation, to include misrepresentations that the corporation held a meeting for that purpose, that the presence of a quorum for that meeting was a fabrication, that the meeting referenced in that purported resolution never took place, that the assignation that Joseph and Rose obtained the plat of survey was also a fabrication, and that neither the original

---

[10] It was conceded by Ave Maria in the trial court that the Act of Exchange recorded on May 8, 2009, which involved the mutual exchange of 0.114 acres must be rescinded because Joseph and Rose were only usufructuaries at that time and not owners of the property. Nonetheless, Ave Maria filed an action against Joseph and Rose for damages and attorney fees. Although Ave Maria later dismissed its damage claim, it reserved its right to seek attorney fees because of the bad faith of Joseph and Rose.

7

act of donation nor the subsequent act of exchange was executed in authentic form before two witnesses. Thus, Sheila prayed to be declared full owner of the disputed property based on acquisitive prescription or any other basis previously pleaded.

In addition to having answered Sheila's original and supplemental and amending petitions, Ave Maria filed peremptory exceptions of no cause of action, no right of action, prescription, and further filed a motion for partial summary judgment on the issue of the validity of the donation inter vivos executed by Joseph and Rose to Ave Maria. After hearing oral argument and considering various evidentiary filings, the trial court: (1) granted the peremptory exception of no right of action as to Sheila's contention that Ave Maria was not a proper corporation and as well as her claim that the donation executed by Joseph and Rose to Ave Maria was not done as a proper authentic act; (2) granted the peremptory exception of no cause of action as to Sheila's contention that the donation executed by Joseph and Rose to Ave Maria was an absolute nullity; (3) further granted the peremptory exception of no cause of action as to Sheila's claim that she had acquired ownership of the one-acre parcel by acquisitive prescription as well as her claim that Ave Maria was a bad faith possessor of that one acre; (4) granted the peremptory exception of prescription as to Sheila's attack on the corporate legitimacy of Ave Maria and/or whether Ave Maria was legitimately incorporated at the time of the donation from Joseph and Rose; and (5) granted Ave Maria's motion for partial summary judgment, finding no genuine issue of material fact relative to the validity of the one-acre donation of the one-acre parcel to Ave Maria made on November 1, 2000.

On June 16, 2021, Sheila filed a notice of intention to apply for a supervisory writ to address that portion of the judgment which granted the three peremptory exceptions. On that same day, Sheila, jointly with Joseph and Rose, also filed a motion for a devolutive appeal; at that time, the trial court ordered that the appeal be

returnable to this court on July 30, 2021. Subsequently, on July 13, 2021, Sheila, Joseph, and Rose filed a motion to consolidate the application for supervisory writ and the devolutive appeal; in that same motion, they also sought to extend the return date as well as the time within which they could designate the record. The trial court signed that order on that same day, extended the return date for the appeal to August 16, 2021, and extended the date to designate the record to August 16, 2021.[11] Thereafter, on July 20, 2021, Sheila, Joseph, and Rose filed a motion and incorporated memorandum to designate the record on appeal; in their motion, Sheila and her parents stated that they "intended to rely on these designated portions of the record to show that the District Court's rulings were erroneous."

In her appeal, Sheila asserted five assignments of error, contending the trial court erred:

(1) as a matter of law in finding she had no cause of action after it considered evidence in support of the motion for partial summary judgment contrary to La.Code Civ.P. art. 931 which dictates that the allegations of the petition should only have been relied upon in assessing the peremptory exception of no cause of action;

(2) as a matter of law when it granted Ave Maria's peremptory exceptions of no right of action and prescription when she contended she was a co-owner of the donated property and the donation was an absolute nullity because it was not executed in the presence of two witnesses;

(3) when it ruled on Ave Maria's motion for partial summary judgment after admitting in open court that she timely filed an opposition to the motion for partial summary judgment and it had not reviewed the opposition;

---

[11] The record contains a second order signed by the trial court. In this second order, also signed on July 13, 2021, the date to designate the record was extended to July 19, 2021. There is no explanation for this in the record or in the briefs.

9

(4) when it granted Ave Maria's motion for partial summary judgment on the validity of the 2000 donation as an authentic act when there was conflicting testimony of whether witnesses were present at the time the contracting parties executed the document and evidence was presented of prior acts where purported authentic act documents had been notarized by the same notary outside the presence of required signatories; and

(5) when it failed to declare the 2000 donation from the Broussards to Ave Maria an absolute nullity on its own motion in accordance with La.Civ.Code art. 2030 when evidence is clear that the only person with independent recollection of the signing testified unequivocally that the inter vivos donation was not made in authentic act form in contravention of La.Civ.Code art. 1541.

## OBJECTION TO THE APPEAL

In its brief to this court, Ave Maria contends for the first time that the trial court should not have signed the order designating the record. It contends that the motion to designate the record was untimely and the appellants failed to include a concise statement of the points upon which they intend to rely as required by La.Code Civ.P. art. 2129.

Against that backdrop, Ave Maria argues that Sheila should be precluded from arguing the peremptory exceptions granted by the trial court and this court should also deny Sheila's writ application. We will first address the consolidation of the writ application with the motion for appeal.

Without delving into whether these peremptory exceptions are or are not appealable, this court has stated that "although an interlocutory judgment may itself not be appealable, it is nevertheless subject to review by an appellate court when a judgment which is appealable is rendered in the case." *In re Succession of Carlton*, 11-288, p. 3 (La.App. 3 Cir. 10/5/11), 77 So.3d 989, 992, *writ denied*, 11-2840 (La.

10

3/2/12), 84 So.3d 532, quoting *Firemen's Pension and Relief Fund for City of Lake Charles v. Boyer*, 420 So.2d 1323, 1324 (La.App. 3 Cir. 1982).  In the present case, the trial court designated its judgment on Ave Maria's motion for partial summary judgment as a final judgment.  Accordingly, in the interest of judicial efficiency and economy, we find it appropriate to consolidate Sheila's writ application with the appeal and review the trial court's rulings on the peremptory exceptions as part of the appeal.  Therefore, we find no merit to Ave Maria's contention that we should not consider Sheila's assignments of error relative to the three peremptory exceptions granted by the trial court.

We now turn our attention to Ave Maria's contention that Sheila's failure to timely designate the record and comply with the provisions of La.Code Civ.P. art. 2129 precludes her from arguing that the trial court erred when it granted the three peremptory exceptions.

Designation of the record is addressed in La.Code Civ.P. arts. 2128, 2129, and 2132, and Uniform Rules—Courts of Appeal, Rule 2–1.17.[12]  Louisiana Code of Civil Procedure Article 2128 provides, in pertinent part (emphasis added):

> The form and content of the record on appeal shall be in accordance with the rules of the appellate court, except as provided in the constitution and as provided in Article 2128.1.  However, *within three days, exclusive of holidays, after taking the appeal* the appellant may designate in a writing filed with the trial court such portions of the record which he desires to constitute the record on appeal.  Within five days, exclusive of holidays, after service of a copy of this designation on the other party, that party may also designate in a writing filed with the trial court such other portions of the record as he considers necessary. . . .  [A] party or the trial court may cause to be filed thereafter any omitted portion of the record as a supplemental record.  When no designation is made, the record shall be a transcript of all the proceedings as well as all documents filed in the trial court.

---

[12]  Uniform Rules—Courts of Appeal, Rule 2–1.17 simply states, "Notwithstanding the foregoing requirements, the parties may designate, in writing, portions of the record to constitute the record in a Court of Appeal."

Louisiana Code of Civil Procedure Article 2129 states:

> An assignment of errors is not necessary in any appeal. Where the appellant designates only portions of the record as the record on appeal, he must serve with his designation a concise statement of the points on which he intends to rely, and the appeal shall be limited to those points.

Louisiana Code of Civil Procedure Article 2132 states:

> A record on appeal which is incorrect or contains misstatements, irregularities or information, or which omits a material part of the trial record, may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, by the trial court or by the order of the appellate court. All other questions as to the content and form of the record shall be presented to the appellate court.

In the present case, the record shows that Sheila was granted an appeal on June 16, 2021, and she did not seek to designate the record until July 13, 2021.[13] Our examination of the record also shows that Sheila did not designate the record until July 20, 2021, and at that time she did not provide a concise statement of the points on which she intended to rely. On these facts alone it is clear that Sheila failed to comply with La.Code Civ.P. arts. 2128 and 2129.

However, in our review of Ave Maria's objections, we do not find that it has shown that Sheila's failures have prejudiced it or that the appellate record is insufficient to address the assignments of error delineated in Sheila's brief to this court, or that transcription of the entire record is warranted. It is also evident that Sheila's appeal has been limited to those assignments of error, that Sheila's brief

---

[13] The record shows that the trial court extended the time within which Sheila could designate the record; it is also shown that Sheila's designation of the record was made within the time limitations set by the trial court. Our review of La.Code Civ.P. art. 2088, which addresses the divestiture of the trial court of jurisdiction, does not enumerate that the trial court has authority to extend the time within which Sheila had to request the designation of the record. Likewise, we observe that the trial court granted two motions to extend the return day of the appeal. Louisiana Code of Civil Procedure Article 2125 states that "the trial court may grant only one extension of the return day" and "[s]ubsequent extensions of the return day may be granted by the appellate court for sufficient cause or at the request of the court reporter as provided in Article 2127.2." However, because of our resolution of the issues involving Sheila's failure to follow the rules of procedure regarding the designation of the record, these two additional issues do not affect our disposition of this matter.

was timely provided to Ave Maria, that the points relied upon are addressed in the brief, and that the designated record is sufficient for us to review them. *See Shop Rite, Inc. v. Gardiner*, 21-172 (La.App. 3 Cir. 4/14/21) (unpublished opinion) (holding that service of a concise statement of point or assignment of error moots the necessity to dismiss the appeal); c*ompare Bonner v. Goldberg*, 11-768 (La.App. 4 Cir. 11/2/11), 76 So.3d 1284 (the exceptions complained of on appeal were not included in the designated record; thus, the appellate court had no evidentiary record to review). "The effect to be given to an appellant's failure to comply with the procedure taking a limited appeal is within the sound discretion of the Court of Appeal." *Martin v. G & A Ltd.*, 583 So.2d 611, 613 (La.App. 3 Cir. 1991) (quoting *Miller v. Miller*, 405 So.2d 534, 535 (La.App. 3 Cir. 1981)). Thus, based upon the facts now before us, we find no merit to Ave Maria's objection.

Moreover, to the extent that Ave Maria's argument may be considered an attempt to have this court dismiss the appeal, we hereby deny the motion to dismiss as untimely filed. Louisiana Code of Civil Procedure Article 2161 states that a motion to dismiss an appeal because of "any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellant court, whichever is later." The appeal record was lodged on August 11, 2021. Thus, we find Ave Maria's argument contained in its appellate brief filed on November 12, 2021, was untimely.

## BACKGROUND TO THE PLEADINGS

We find it necessary to recall that Louisiana utilizes a fact-pleading system. In *Udomeh v. Joseph*, 11-2839, pp. 8-10 (La. 10/26/12), 103 So.3d 343, 348-49 (footnote omitted), the supreme court stated:

Louisiana's Code of Civil Procedure uses a system of pleading based upon the narration of factual allegations. *See Greemon v. City of Bossier City*, 10-2828, 11-0039, p. 13 (La.7/1/11); 65 So.3d 1263, 1268. "No technical forms of pleading are required. All allegations of fact of the petition, exceptions, or answer shall be simple, concise, and direct, and shall be set forth in numbered paragraphs." La.Code Civ. Proc. art. 854. Under La. Code Civ. Proc. art. 862, except in cases of a default judgment,

> a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief.

Article 862 permits courts to render substantive justice on the basis of facts pleaded and to refuse to permit a denial of substantive rights due to technical defects of language or characterization of the case. *See Federal Insurance Co. v. Insurance Co. of No. Amer.*, 262 La. 509, 519, 263 So.2d 871, 875 (1972) (Tate, J., concurring); *Sylvester v. Fontenot,* 10–1115 (La.App. 3 Cir. 3/9/11); 58 So.3d 675, 683. "So long as the facts constituting the claim or defense are alleged or proved, the party may be granted any relief to which he is entitled under the fact-pleadings and evidence." *Greemon*, 10-2828, 11-0039 at 8; 65 So.3d at 1268 (quoting *Cox v. W.M. Heroman & Co., Inc.,* 298 So.2d 848, 855 (La.1974)). However, due process requires adequate notice to the parties of the matters to be adjudicated. *Sylvester*, 10-1115 at 13; 58 So.3d at 683.

Although Article 862 abolished the "theory of the case" pleading requirement, La.Code Civ. Proc. art. 891 provides a petition "shall contain a short, clear, and concise statement of all causes of action[arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation." In order to plead "material facts" within Louisiana's fact-pleading system, the pleader must " 'state what act or omission he or she will establish at trial, such as the fact the defendant failed to deliver goods by a designated date, exceeded the speed limit, or failed to pay workers' compensation benefits although the evidence in his or her possession clearly established a compensable injury and disability.'" *Greemon*, 10-2828, 11-0039 at 8-9; 65 So.3d at 1268-69 (quoting 1 FRANK L. MARAIST, LOUISIANA CIVIL LAW TREATISE: CIVIL PROCEDURE § 6:3 at 143 (2d ed.2008)).

## LAW AND DISCUSSION

Sheila's assignments of error address the trial court's decision to grant Ave Maria's peremptory exceptions of no cause of action, no right of action, and prescription. Additionally, Sheila argues that the trial court erred when it granted

Ave Maria's Motion for Partial Summary Judgment on her contention that the 2000 donation failed to meet the requirements of an authentic act. We will individually address these rulings as they present discrete questions of law.

*No Cause of Action*

In its judgment, the trial court stated:

> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Exception of No Cause of Action [filed] by Ave Maria Rosary and Cenacle, Inc. against Sheila Broussard claiming that [she] has No Cause of Action for ownership of the 1 acre by Acquisitive Prescription/Possession and as to Sheila Broussard Guidry's claim that Ave Maria Rosary and Cenacle, Inc. was a bad faith possessor is granted and those claims are hereby dismissed.

Sheila first argues that the trial court erred when it considered evidence in its assessment of Ave Maria's peremptory exception of no cause of action instead of relying solely on the allegations raised in her pleadings. Our review of the record supports that contention. The trial court and Ave Maria, in its argument in the trial court and its brief to this court, make repeated reference to Sheila's failure to present evidence to support her cause of action.[14] Such assertion and mode of analysis, as shown below, inserts an element that is particularly improper in the assessment of a peremptory exception of no cause of action.

In *Aycock v. Chicola*, 09-563, pp. 3-4 (La.App. 3 Cir. 12/16/09), 27 So.3d 1005, 1007, we stated:

> The standard of review when an appellate court is presented with an exception of no cause of action is well-settled. Our Supreme Court, in *Ramey v. DeCaire*, 03-1299, pp. 7-8 (La.3/19/04), 869 So.2d 114, 118-19 (citations omitted), stated the following:
>
> > A cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant. The function of the

---

[14] For example, the trial court stated: "[Sheila] has presented nothing to the Court other than a mere allegation that the one acre is part of the eighteen." It then proceeded to examine deposition testimony and competing conveyance records and determined that the facts do not bear out a cause of action.

peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading. No evidence may be introduced to support or controvert an exception of no cause of action. Consequently, the court reviews the petition and accepts well-pleaded allegations of fact as true. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought.

Louisiana has chosen a system of fact pleading. Therefore, it is not necessary for a plaintiff to plead the theory of his case in the petition. However, the mere conclusions of the plaintiff unsupported by facts does not set forth a cause of action.

The burden of demonstrating that the petition states no cause of action is upon the mover. In reviewing the judgment of the district court relating to an exception of no cause of action, appellate courts should conduct a de novo review because the exception raises a question of law and the lower court's decision is based solely on the sufficiency of the petition. The pertinent question is whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiff's behalf, the petition states any valid cause of action for relief.

To that end, La.Code Civ.P. art. 891(A)[15] provides that the petition:

shall set forth the name, surname, and domicile of the parties; shall contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation; shall designate an address, not a post office box, for receipt of service of all items involving the litigation; and shall conclude with a prayer for judgment for the relief sought. Relief may be prayed for in the alternative.

The primary purpose of La.Code Civ.P. art. 891(A) is to preclude relitigation of a cause of action which could have been pleaded in the first action arising out of the same transaction or occurrence. La.Code Civ.P. art. 891, 1990 Official Comment; *see* 1 FRANK L. MARAIST, LOUISIANA CIVIL LAW TREATISE: CIVIL PROCEDURE § 6:3 at 144 (2d ed.2008).

_____

[15] Although it is not pertinent to the present case, we note that Paragraph (A) was amended by Acts 2021, No. 68, eff. Jan. 1, 2022, to further provide a physical address and an email address for receipt of service.

The standard of review stated above entitles Sheila to a *de novo* review of the record, as she has appealed a trial court's decision on an exception of no cause of action. In her assignment of error, she alleges that the trial court committed an error of law when it considered evidence instead of relying solely upon the allegations of her pleadings. When such an error of law is committed by a lower court, the appellate court should conduct a *de novo* review of the record. *Lasha v. Olin Corp.,* 625 So.2d 1002 (La.1993). However, regardless of whether the trial court applied the incorrect legal standard for an exception of no cause of action, Sheila is entitled to a *de novo* review of the record. Accordingly, we will conduct that *de novo* review to determine whether Ave Maria's peremptory exception of no cause of action was correctly granted.

Sheila contends that her pleadings support an action to: (1) annul the 2000 donation to Ave Maria as being violative of public order as described in La.Civ.Code art. 2030; (2) have her declared as the owner of the disputed property whether by title or by acquisitive prescription; and (3) obtain a declaration that Ave Maria is a bad faith possessor.

From the outset, we further recall that in *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d 1234, 1239 (La.1993) (footnotes omitted), the supreme court formulated the following general rules regarding the peremptory exception of no cause of action and stated:

> If there are two or more items of damages or theories of recovery which arise out of the operative facts of a single transaction or occurrence, a partial judgment on an exception of no cause of action should not be rendered to dismiss one item of damages or theory of recovery. In such a case, there is truly only one cause of action, and a judgment partially maintaining the exception is generally inappropriate. On the other hand, if two or more actions are cumulated which could have been brought separately because they were based on the operative facts of separate and distinct transactions or occurrences, a partial judgment may be rendered to dismiss one action on an exception of no cause of action, while leaving the other actions to be tried on the merits.

17

In such a case, there are truly several causes of action and a judgment partially maintaining the exception as to one separate and distinct cause of action is appropriate.

However, if two or more actions are cumulated which could have been brought separately because they were based on the operative facts of separate and distinct transactions or occurrences, a partial judgment may be rendered to dismiss one action on an exception of no cause of action, while leaving the other actions to be tried on the merits. In such a case, there are truly several causes of action, and a judgment partially maintaining the exception as to one separate and distinct cause of action is generally appropriate.

After the supreme court rendered *Everything on Wheels*, the legislature amended La.Code Civ.P. art. 934[16] in 2003 to state as follows:

When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.

The comment to the 2003 amendment of La.Code Civ.P. art. 934 specifically states:

The purpose of the 2003 amendment to this Article is to clarify that pursuant to Article 1915(B) the trial court can now render a partial judgment sustaining an exception in part as to one or more but less than all of the actions, claims, demands, issues, or theories in the case. When an exception is sustained to less than all the claims, demands, issues or theories in an action, the judgment shall not constitute a final judgment unless it is designated as such after an express determination that there is no just reason for delay.

*See Clary v. State Farm Mut. Auto. Ins. Co.*, 16-168 (La.App. 3 Cir. 11/23/16), 204 So.3d 1102, *writ denied*, 17-209 (La. 2/15/17), 215 So.3d 702, and *writ denied*, 17-197 (La. 2/15/17), 215 So.3d 703. *But see Diamond D Pro. Inv'r, LLC v. TB Indus. LLC*, 19-997 (La.App. 1 Cir. 12/17/19) (unpublished opinion); *Waiters v. deVille*,

---

[16] Prior to its amendment in 2003, La.Code Civ.P. art. 934 (1960) read as follows:

When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.

19-1048 (La.App. 4 Cir. 4/22/20), 299 So.3d 728; *John River Cartage, Inc. v. La. Generating, LLC*, 18-1611 (La.App. 1 Cir. 12/19/18) (unpublished opinion); *State, by and through Caldwell v. Astra Zeneca AB*, 16-1073 (La.App. 1 Cir. 4/11/18), 249 So.3d 38, *writ denied*, 18-766 (La. 9/21/18), 252 So.3d 899, and *writ denied*, 252 So.3d 904; *Scott v. Zaheri*, 14-726 (La.App. 4 Cir. 12/3/14), 157 So.3d 779.

We further find the provisions of La.Code Civ.P. art. 1915(B)(1)[17] complement La.Code Civ.P. art. 934 and further support our conclusion that a partial judgment on a peremptory exception of no cause of action is permissible. Louisiana Code of Civil Procedure Article 1915(B)(1) (emphasis added) provides:

> When a court renders a partial judgment or partial summary judgment *or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention,* the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.

From the outset, however, we observe that a petition must state sufficient facts to support that cause of action. In one aspect, Sheila contends the donation was an absolute nullity and specifically references La.Civ.Code art. 2030. [18]

Louisiana Civil Code Article 2030 states:

> A contract is absolutely null when it violates a rule of public order, as when the object of a contract is illicit or immoral. A contract that is absolutely null may not be confirmed.

---

[17] Our review of the trial court judgment shows the trial court designated its ruling on the Ave Maria's motion for partial summary judgment as a final judgment. However, it did not designate its rulings on the partial judgments on the peremptory exceptions as a final judgment in conformity with La.Code Civ.P. art. 1915(B)(1). Nevertheless, this court has stated that "although an interlocutory judgment may itself not be appealable, it is nevertheless subject to review by an appellate court when a judgment which is appealable is rendered in the case." *In re Succession of Carlton*, 77 So.3d 989, 992. Because the trial court's ruling on Ave Maria's motions for partial summary judgment were designated as final judgments and were appealable, we find our appellate jurisdiction extends to consideration of the peremptory exceptions also.

[18] Separate from that contention, Sheila's pleadings also allege various substantive defects, particularly the absence of witnesses at the execution of the donation. We will later address Sheila's substantive complaint in our de novo review of Ave Maria's motion for partial summary judgment.

> Absolute nullity may be invoked by any person or may be declared by the court on its own initiative.

As noted in the 1984 Revision Comment, "This Article is new, but it does not change the law. It codifies the jurisprudential rule that a contract which contravenes the public order is absolutely null."

Louisiana is a fact pleading state. La.Code Civ.P. art. 862; *State ex rel. Ieyoub v. Racetrac Petroleum*, 01-458 (La.App. 3 Cir. 6/20/01), 790 So.2d 673. "The petition must set forth material facts upon which the cause of action is based. Conclusions of law or fact will not be considered." *Board of Examiners v. Neyrey,* 542 So.2d 56, 64 (La.App. 4 Cir.), *writ denied,* 548 So.2d 1231 (La.1989)

Our review of the pleadings shows that Sheila does not allege facts which would suggest the contract of donation was illicit or immoral.[19] Thus, we find Sheila has failed to allege facts to state a cause of action to have the donation nullified for having as its basis an illicit or immoral object. Thus, we find that to the extent the trial court's ruling encompassed this cause of action, we partially affirm the trial court's judgment which granted Ave Maria's peremptory exception of no cause of action based upon this contention.[20]

Notwithstanding, in her pleadings, the content of which must be assumed as true for purposes of determining whether she has stated a cause of action against Ave Maria, Sheila alleges the following facts: that she was the owner of the larger tract

---

[19] Even though Sheila alleges that Ave Maria committed fraud because it knew or should have known from the public records of her ownership interest in the donated property, the mere knowledge obtained from the public record that an owner did not have the right to dispose of the property does not constitute fraud. *Tate v. Fakouri*, 118 So.2d 464 (La.App. 1 Cir. 1959).

[20] Although La.Code Civ.P. art. 934 allows the court to order an amendment of the pleadings if the grounds of the objection pleaded by the peremptory exception can be removed, we find such an opportunity to amend is not proper because the grounds of this objection cannot be removed. The right to amend is not so absolute as to permit same when such amendment would constitute a vain and useless act. *Sanders v. Gore*, 95-660 (La.App. 3 Cir. 7/10/96), 676 So.2d 866, *writ denied*, 96-2072 (La.11/15/96); *Thompson v. Harrington*, 99-571 (La.App. 3 Cir. 10/13/99), 746 So.2d 652. In the present case, allowing Sheila to amend her pleadings would be a vain and useless act.

of land from which the property now possessed by Ave Maria originated; that her ownership of this property was recorded in the public records prior to the donation and this recorded documentation was available to Ave Maria; that she neither signed the donation inter vivos made to Ave Maria nor the subsequent act of exchange; that she is legally entitled to have Ave Maria dispossessed of the property; that she personally or through her ancestors in title has possessed the property at issue for more than thirty years; and that Ave Maria is a bad faith possessor of the property because it had not been properly incorporated and the donation by which it acquired title was not in the form of an authentic act. For purposes of reviewing this peremptory exception, without addressing the merit of the facts alleged, we find Sheila's pleadings allege sufficient facts to state a cause of action against Ave Maria. Therefore, except for the trial court's action regarding Sheila's factually unsupported cause of action based upon La.Civ.Code art. 2030 which we affirm, we reverse the trial court's judgment which granted the peremptory exception of no cause of action.

### No Right of Action

As a preface to this discussion, we note that Ave Maria limited its peremptory exception to two contentions: (1) whether Ave Maria was validly formed as a corporation and (2) whether the act of donation to Ave Maria was in authentic form. No mention was made of whether Sheila had a right to pursue her property claim against Ave Maria.[21]

Against that backdrop, in its ruling on Ave Maria's peremptory exception of no right of action, the judgment states:

---

[21] Sheila alleges that she is at least a co-owner of the property donated to her. Each co-owner, regardless of the percentage of his undivided interest, is entitled to the use and occupancy of the jointly held property, and each co-owner's right is equal to that of the other co-owners. *Petrus v. Atchafalaya Wildlife Protective Soc.*, 351 So.2d 790 (La.App. 1 Cir. 1977); *see also* La.Civ.Code art. 802. As stated in *Gulf Refining Co. of La. v. Carroll*, 82 So. 277, 302 (La.1919), co-owners of land "are owners *par mi et par tout*, of part and of the whole. Neither of two co-owners has the exclusive right to any determinate part of the common property."

21

**IT IS ORDERED, ADJUDGED, AND DECREED** that the Exception of No Right of Action filed by Ave Maria Rosary and Cenacle, Inc. against Sheila Broussard Guidry is hereby granted, dismissing Sheila Broussard Guidry's claims as to whether Ave Maria Rosary and Cenacle, Inc. was a proper corporation as well as to any claim she may have alleging that the donation from the Broussards to Ave Maria was done as a proper authentic act.

A proper analysis of a peremptory exception of no right of action requires a court to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. La.Code Civ.P. art. 927; *Reese v. State Dep't of Pub. Safety & Corrs.*, 03-1615 (La. 2/20/04), 866 So.2d 244; *Indus. Co., Inc. v. Durbin*, 02-0665 (La. 1/28/03), 837 So.2d 1207. As stated in *Reese*, 866 So.2d at 246:

> The focus in an exception of no right of action is on whether this particular plaintiff has a right to bring the suit, but it assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation.

*See also Indus. Co., Inc.*, 837 So.2d at 1216. The court begins with an examination of the pleadings. *Howard v. Administrators of Tulane Educ. Fund*, 07-2224 (La. 7/1/08), 986 So.2d 47; *see also R.G. Claitor's Realty v. Juban*, 391 So.2d 394 (La.1980).

In *Rain CII Carbon, LLC v. Turner Indus. Grp., LLC*, 19-403, p. 22 (La.App. 3 Cir. 3/18/20), 297 So.3d 797, 813, *writ denied*, 20-774 (La. 10/20/20), 303 So.3d 319, we elaborated further regarding the standard of review:

> Typically, an exception of no right of action involves a question of law and appellate review is de novo. *Eagle Pipe* [*& Supply, Inc. v. Amerada Hess Corp.*, 10-2267 (La. 10/25/11)], 79 So.3d 246. When evidence is introduced in support of or in opposition to the exception, however, a trial court's findings of fact are subject to the manifest error-clearly wrong standard of review. *See London Towne Condo. Homeowner's Ass'n v. London Towne Co.*, 06-401 (La. 10/17/06), 939 So.2d 1227. In consideration of a trial court's ruling on such an exception, the appellate court considers "whether the particular plaintiff has a right to bring the suit and is a member of the class of persons that has a legal interest in the subject matter of the litigation, assuming the

petition states a valid cause of action for some person." [*Antonio*] *Le Mon* [*v. Nat. Football League*, 19-1264 (La. 9/6/19)], 277 So.3d [1166,] at 1167 (citing *Badeaux v. Southwest Computer Bureau, Inc.*, 05-0612 (La. 3/17/06), 929 So.2d 1211).

Moreover, because Ave Maria asserted a peremptory exception of no right of action that addressed a limited aspect of the pleadings, we further observe that "[t]he jurisprudence has generally recognized the principle that a partial exception of no right of action is procedurally improper." *Parker v. Paladin Contractors, LLC*, 20-492, p. 11 (La.App. 4 Cir. 3/3/21), 314 So.3d 1128, 1137. Elaborating further, in *Talbot v. C & C Millworks, Inc.*, 97-1489, pp. 4-5 (La.App. 1 Cir. 6/29/98), 715 So.2d 153, 156, our colleagues of the First Circuit stated:

> This court has previously held that the Code of Civil Procedure does not provide for a partial peremptory exception raising the objection of no right of action, and, thus, if a plaintiff has a right of action as to any one of the theories or demands for relief set out in his petition, the objection of no right of action should not be maintained. . . .
>
> Most recently, however, in *Shinew v. Luciano Refrigerated Transport, Inc.*, 96-2454, p. 4 (La.App. 1 Cir. 11/19/97), 706 So.2d 140, 141-142, this court, applying *Everything On Wheels Subaru, Inc. v. Subaru South, Inc.*, 916 So.2d 1234 (La.1993), reasoned that the partial grant of an exception of no right of action which does not dismiss a party may be permissible . . . where the cause of action attacked by the exception of no right of action is factually distinct and separate from the remaining cause or causes of action pled. On the other hand, where the plaintiff pleads multiple theories of recovery based on a single occurrence or set of operative facts, the partial grant of an exception of no right of action which attacks only one theory of recovery and which does not dismiss a part would be invalid as an impermissible partial judgment.

Here, Sheila has asserted various theories as to why she should recover the one-acre parcel in the possession of Ave Maria. Only two aspects of her right of action were contested in the peremptory exception of no right of action. The first— her contention that the act of donation was not properly witnessed—is directly related to the validity of the notarial act. As noted above, Sheila has stated a cause of action that specifically involves that act, and under the jurisprudence referenced

23

earlier, she has a right of action to pursue that line of inquiry. *See Moore v. Burns*, 03-1199 (La.App. 3 Cir. 3/3/04), 867 So.2d 142, *writ denied*, 04-874 (La. 5/14/04), 872 So.2d 522. Sheila's second argument—that Ave Maria's incorporation was improper—is more attenuated in time and relationship to the authentic act.[22] Nonetheless, these allegations of material fact do not constitute causes of action separate from Sheila's right of action as a co-owner of the property to pursue her property action against Ave Maria. Rather, they are theories of recovery in support of her right of action. As such, the trial court's limited grant of the peremptory exception of no right of action as to these two theories of recovery, dismissing only part of Sheila's avenues to recovery, was procedurally improper. Accordingly, we find the trial court rendered an impermissible partial peremptory exception of no right of action and reverse the trial court's judgment granting that exception.

*Prescription*

In its judgment, the trial court provided:

> **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Peremptory Exception of Prescription filed by Ave Maria Rosary and Cenacle, Inc. against Sheila Broussard Guidry is granted finding any claims, should there exist any, by Sheila Broussard Guidry to attack the corporate identity of Ave Maria Rosary and Cenacle, Inc. and/or whether that corporation validly existed at the time of the donation from the Broussards to Ave Maria on [November] 1, 2000, has prescribed.

Prescription is a peremptory exception which is provided in La.Code Civ.P. art. 927. Evidence in support or contravention of the exception may be introduced if the grounds are not apparent from the petition. La.Code Civ.P. art. 931. An

---

[22] In addition, Sheila had also asserted that the donation inter vivos was invalid because the Board of Directors of Ave Maria had not properly accepted the donation. We note that in a judgment dated February 22, 2016, in the lawsuit Joseph and Rose brought against Ave Maria and before consolidation with the present suit brought by Sheila against Ave Maria, the trial court granted Ave Maria's peremptory exceptions of no right of action and prescription to this same assertion of invalidity; as stated in that trial court judgment, this determination was based upon the stipulation of Joseph and Rose. That judgment, at least as to Joseph and Rose, is final.

appellate court reviews the exception under the manifest error standard of review if evidence is introduced in support or contravention of the exception. *Dugas v. Bayou Teche Water Works*, 10-1211 (La.App. 3 Cir. 4/6/11), 61 So.3d 826; *Allain v. Tripple B Holding, LLC*, 13-673 (La.App. 3 Cir. 12/11/13), 128 So.3d 1278. If not, the appellate court "simply determines whether the trial court's finding was legally correct." *Dugas*, 61 So.3d at 830. "Generally, prescription statutes are strictly construed against prescription and in favor of the claim sought to be extinguished by it; thus, of two possible constructions, that which favors maintaining, as opposed to barring an action, should be adopted." *Wells v. Zadeck*, 11-1232, pp. 6-7 (La. 3/30/12), 89 So.3d 1145, 1149.

In the present case, Sheila asserts a claim that the donation to Ave Maria was an absolute nullity. In support of that cause of action, she alleges various arguments, only one of which attacks the legal efficacy of Ave Maria's corporate existence at the time the Broussards donated the property to Ave Maria. Although this constitutes an element of proof that she must carry, the fact remains that Sheila's cause of action, namely that the donation to Ave Maria was null, is imprescriptible. As stated in La.Civ.Code art. 2032, "Action for annulment of an absolutely null contract does not prescribe." *See also Funk v. Clement*, 05-966 (La.App. 3 Cir. 3/15/06), 925 So.2d 717, *writ denied*, 06-1167 (La. 9/15/06), 936 So.2d 1270. Whether Sheila can carry that burden of proof is a matter for trial on the merits, and she is not time-barred in pursuing that issue. For these reasons, we find the trial court legally erred when it granted Ave Maria's peremptory exception of prescription, and we reverse that determination.

## *Motion for Partial Summary Judgment*

As it pertains to this appeal,[23] the trial court granted Ave Maria's motion for partial summary judgment, stating in the judgment:

> There is no issue of material fact relative to the validity of the donation of 1 acre of land by Joseph Broussard, et al to Ave Maria Rosary Cenacle, Inc. on [November] 1, 2000, recorded as act No. 862213 in the records of the Clerk of Court of St. Landry Parish, Louisiana as said donation being valid and involving the separate property of Joseph R. Broussard.

"A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact[.]" *N. Am. Fire & Cas. Co. v. State Farm Mut. Auto. Ins. Co.*, 03-300, p. 3 (La.App. 3 Cir. 10/1/03), 856 So.2d 1233, 1235, *writ denied*, 03-3334 (La. 2/13/04), 867 So.2d 694. "A summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case as to that party or parties." La.Code Civ.P. art. 966(E). Appellate courts review motions for summary judgment de novo, using the same criteria as the trial court to determine whether summary judgment is appropriate. *Dunn v. City of Kenner*, 15-1175 (La. 1/27/16), 187 So.3d 404. "The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action[.]" La.Code Civ.P. art. 966(A)(2). "The procedure is favored and shall be construed to accomplish these ends." *Id.* Pursuant to La.Code Civ.P. art. 966(A)(3), a court will grant a motion for summary judgment "if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." *See also Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880.

---

[23] Two other aspects of the motion for partial summary judgment, both of which apply to Joseph and Rose Broussard's companion case, will be addressed in our separate opinion under No. 21-508.

In *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751 (citations omitted), the Louisiana Supreme Court explained:

> A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. "[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." Simply put, a "material" fact is one that would matter on the trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits.

Sheila first contends the trial court erred when it granted Ave Maria's motion for partial summary judgment without reviewing her opposition memorandum and supporting documents. To better appreciate the trial court's ruling and to better understand some of the confusion associated with the hearing on Ave Maria's motion for partial summary judgment, we will first outline what the record reveals about this aspect of the proceedings.

On April 21, 2020, Ave Maria filed a motion for partial summary judgment. As reflected in Sheila's opposition memorandum, its attached exhibits and Ave Maria's reply memorandum, among other contentions,[24] Ave Maria sought to have the donation inter vivos declared valid as to form.

---

[24] Ave Maria also sought to have the act of exchange between it and the Broussards revoked. It contended that the exchange should be revoked because the Broussards were only usufructuaries at the time of the transaction. It also sued Joseph for damages resulting from this breach of contract, particularly seeking attorney fees because it contended Joseph was guilty of fraud. It is noted that because of mediation Ave Maria dismissed its claim for damages but reserved its right to recover attorney fees because of the fraud. It then sought through its motion for partial summary judgment to have the trial court find these actions of the Broussards constituted fraud. In its oral reasons for judgment, the trial court specifically denied that aspect of Ave Maria's motion.

Ave Maria also sought to be found to be a good faith possessor with just title to the property and with uninterrupted possession of the property for ten years without objection or interference, thereby satisfying the elements of good faith acquisitive prescription. Although it was not specifically cited, La.R.S. 9:2321, a statute specifically applicable to the donation of "real estate donated to church and religious representatives, religious associations or religious corporations," forms the basis for Ave Maria's contention. Nonetheless, even though Ave Maria's assertion was not specifically denied in the trial court's oral reasons for judgment, the final judgment states, "Any and all other portions of the Motion for Partial Summary Judgment filed by Ave Maria Rosary and Cenacle, Inc. are denied."

It is well established in the record that Sheila and the Broussards are represented by different counsels of record. Nevertheless, on June 19, 2020, an opposition to Ave Maria's motion for partial summary judgment was filed by counsel on behalf of her clients, the Broussards, and Sheila as well. Subsequently, on November 23, 2020, Sheila filed a Memorandum in Opposition to Ave Maria Rosary and Cenacle's Exceptions of No Cause of Action, No Right of Action, and Prescription. Attached thereto was a list of exhibits, including Sheila's eighteen-page affidavit.[25] We note that in the closing paragraph of the memorandum, counsel included the following language, to-wit: "We now likewise incorporate into the instant opposition memorandum the content of Sheila's opposition memorandum to

---

Several aspects of the partial motion for summary judgment also addressed issues involved in the companion case to this appeal. Those issues are: (1) because of Joseph's interdiction, he lacked the capacity to revoke the donation; and (2) the donated property was the separate property of Joseph. These issues will be addressed in the companion opinion.

[25] Although Ave Maria did not object to Sheila's affidavit on the ground that some of her contentions were not made on personal knowledge, we draw attention to the requirement in La.Code Civ.P. art. 967 that supporting and opposing affidavits "shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Elaborating on La.Code Civ.P. art. 967, this court stated in *Fid. Bank v. Vaughn*, 19-47, p. 4 (La.App. 3 Cir. 6/5/19), 274 So.3d 91, 94:

> "The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions." La.Code Civ.P. art. 966(A)(4). "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." La.Code Civ.P. art. 967(A).

> Personal knowledge means something the witness actually saw or heard, as distinguished from what he learned from some other person or source. The purpose of the requirement of "personal knowledge" is to limit the affidavit to facts which the affiant saw, heard, or perceived with his own senses. Portions of affidavits not based on personal knowledge of the affiant should not be considered by the trial court in deciding a motion for summary judgment.

*Denbury Onshore, L.L.C. v. Pucheu*, 08-1210, p. 18 (La.App. 3 Cir. 3/11/09), 6 So.3d 386, 398, (quoting *Hibernia Nat'l Bank v. Rivera*, 07-962, pp. 8-9 (La.App. 5 Cir. 9/30/08), 996 So.2d 534, 539-40 (citations omitted)).

the partial summary judgment[.]"  Afterward, counsel for Sheila attached an opposition to the motion for summary judgment.  This latter filing consisted of 246 pages and was signed by Sheila, as well as her counsel.  Attached thereto was a verification signed by Sheila.  The verification contained the following language:

> **SHEILA GUIDRY**, who after first being duly sworn, did depose and state that all of the allegations on the foregoing Memorandums in Opposition to Exceptions and Partial Motion for Summary Judgment are true and correct to the best of her knowledge and belief.  She also acknowledges that she was instructed by counsel of record Attorney John W. Milton that the format and length of the Memorandum in Opposition are not customary to traditional legal format but that she nevertheless desires to file the foregoing Memorandum in Opposition into the record.

"The law is clear that a pleading is governed by its substance and not by the name which a party uses to designate his [pleading.]"  *Cvitanovich v. Sorli*, 347 So.2d 1204, 1206 (La.App. 1 Cir. 1977); *see also* La.Code Civ.P. arts. 853 and 856; *Succession of Ridley*, 175 So.2d 269 (La.1965).  Notwithstanding, the record shows two instances which caused confusion in the trial court and almost resulted in the forfeiture of Sheila's right to oral argument at the hearing on the motion for partial summary judgment.  The first involved Sheila's filing of her memorandum in opposition to Ave Maria's three peremptory exceptions.  Although that may have been a proper designation, in part, it was not until the concluding paragraph that this document further incorporated a separate document which did constitute a memorandum in opposition to Ave Maria's motion for partial summary judgment.  This latter document, the second instance, was seemingly "lost" in the voluminous filing of approximately 426 pages sixteen days prior to the hearing.

We make these comments before performing our de novo review to emphasize that captions to pleadings do make a difference and well-captioned pleadings can greatly aid the trial and appellate court.  In the present case, valuable time in the trial

court was consumed to resolve these issues and because of Sheila's voluminous filing, a litigant's right to oral argument was almost lost.

We now turn our attention to the de novo review of Ave Maria's motion for partial summary judgment which sought a judgment validating the donation of one acre of land by Joseph and Rose to Ave Maria. We now address Sheila's remaining allegation that the two witnesses were not present with the notary when the act of donation was signed.

In *Succession of Tete*, 7 La. Ann. 95, 96 (1852), the court stated:

> The effect given by law to authentic acts, rests upon the presumption, that a public officer, exercising a high and important trust, under the solemnity of an oath, has done his duty when acting within the scope of his authority. Selected for their character, capacity and probity, as notaries are presumed to be, the law attaches full credit to their official acts. This prerogative is established in the interest of public order, to maintain peace among men, and to prevent contestations concerning the proof or evidence of their conventions.

Because there is a presumption that an authentic act is valid, "one seeking to invalidate an apparently authentic act must present strong and convincing proof of such magnitude as to overcome the presumption of verity of notarial acts." *Meltzer v. Meltzer*, 95-551, 95-552, p. 61 (La.App. 4 Cir. 9/28/95), 662 So.2d 58, 62, *writ denied*, 95-2616 (La. 1/5/96), 666 So.2d 293; *DiVincenti v. McIntyre*, 611 So.2d 140 (La.App. 1 Cir. 1992), *writ denied*, 614 So.2d 1264 (La.1993).

One such case is *Moore*, 867 So.2d 142. In *Moore*, the sister of a donee sought to have an act of donation by their mother declared null because it was alleged that the notary was not present when the donor and the witnesses signed the document. Sheila presents an analogous issue, namely, the absence of witnesses present when Joseph and Rose signed the donation inter vivos to Ave Maria in 2000.

The record includes the deposition testimony of Charles F. Boagni, III, the attorney who notarized the donation from Joseph and Rose to Ave Maria in 2000.

Although he had no independent recollection of the transaction, he stated, "I can tell you that the donation would have been signed by Joseph and Rose Broussard in my presence and in the presence of two witnesses. I only do donations that way." Mr. Boagni stated that as part of his usual procedure he would have explained the document and answered any questions, and then he would have watched them sign the document. He further stated that the two witnesses to the donation were Judy Reiners and Velma Fontenot. Later, in an affidavit dated September 5, 2019, Mr. Boagni stated:

> Appearer is aware that the Broussards have questioned whether the [donation inter vivos] is an authentic act and I herein testify that all donations in this office are done in the presence of two (2) witnesses and a notary. All the parties do not have to sign together, but when they do sign it would be in the presence of two witnesses and a notary.

The record also contains the affidavit of Rose who paints a different picture. In her affidavit, Rose stated:

> Joseph Broussard and I signed documents together at the Attorney Charles F. Boagni III's office in front of him and in front of Fay Smithey, and this was the very first time on November 1, 2000, that Joseph and I had ever met this attorney, to sign the land donation document, where only the 4 of us (Charles F. Boagni III, Fay Perry Smithey, Joseph Broussard and myself, Rose Broussard) were present. There were no other people present in the room with us.

> The location was at the Charles F. Boagni III law office when signing the November 1st 2000 Act of Donation, donating the 1 acre when Joseph and I both signed the document as donors and at the same time, Joseph Broussard signed as Ave Maria Rosary and Cenacle Incorporated's duly elected Vice President, jointly authorized agent of the corporation, who jointly signed the document with the duly elected President and jointly authorized agent of the corporation, Fay Perry Smithey[,] as donee accepting the 1 acre land donation for the Ave Maria Rosary and Cenacle Inc.

> No other witnesses were present when I signed the November 1st 2000 document regarding the 1 acre[.]

In *Tillman v. Eldridge*, 44,460, pp. 13-14 (La.App. 2 Cir. 7/15/09), 17 So.3d 69, 78 (citation omitted), the court stated:

> Even though summary judgment [procedure] is now favored, it is not a substitute for trial on the merits, and it is inappropriate for judicial determination of subjective facts, such as motive, intent, good faith or knowledge that call for credibility evaluations and the weighing of the testimony. In deciding a motion for summary judgment, the court must assume that all of the affiants are credible.

Moreover, in *Smith*, 639 So.2d at 752, the court stated:

> [S]ummary judgment may be granted when reasonable minds must inevitably conclude that the mover is entitled to judgment on the facts before the court. *Sanders* [*v. Hercules Sheet Metal, Inc.*], 385 So.2d [772] at 775 [La.1980]; *Chaisson v. Domingue,* 372 So.2d 1225, 1227 (La.1979); *Cates v. Beauregard Electric Cooperative, Inc.,* 328 So.2d 367, 370 (La.1976), *cert. denied,* 429 U.S. 833, 97 S.Ct. 97, 50 L.Ed.2d 98 (1976); *see also Johnson v. Edmonston,* 383 So.2d 1277, 1281 (La.App. 1st Cir.1980). Likewise, summary judgment is appropriate when all the relevant facts are marshalled before the court, the marshalled facts are undisputed, and the only issue is the ultimate conclusion to be drawn from those facts.

Applying the well-established jurisprudence shown above, we find upon de novo review that Ave Maria's motion for summary judgment should have been denied. The affidavits and depositional testimony detailed above involve disputed facts, call for credibility evaluations, and require the weighing of testimony. As such, summary judgment is not appropriate, and we deny Ave Maria's motion for partial summary judgment.

## DISPOSITION

For the foregoing reasons, we affirm the trial court's judgment regarding the peremptory exception of no cause of action but only as it addressed Sheila's contention that the donation of the Broussards to Ave Maria was absolutely null for reasons provided in La.Civ.Code art. 2030; in all other respects, we reverse the trial court's ruling relative to the peremptory exception of no cause of action. We reverse the trial court judgment which granted Ave Maria's peremptory exceptions of no right of action and prescription, as well as its ruling on Ave Maria's motion for partial summary judgment. This case is remanded to the trial court for further

proceedings.  Costs of this appeal are assessed one-half to Sheila Broussard Guidry and one-half to Ave Maria Rosary & Cenacle, Inc.

**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.**